this. Hence these bills of exception cannot be considered. Williams v. State, 35 Tex. Cr. R. 391, 33 S. W. 1080.

[2] However, the material questions raised by the bills of exception were also presented in the motion to quash the complaint and information and are so raised thereby that it is necessary to pass upon them.

[3] The first ground of the motion to quash is that the affidavit or complaint was not taken by a justice of the peace of any precinct of Fannin county. As shown above, the affidavit was made and signed by J. N. Ball, and the jurat shows that it was sworn to and subscribed "before me this 30th day of April, 1910. W. A. Daniel, Justice of the Peace, Precinct No. ———, Fannin County, Texas," and was then indorsed and filed as follows: "Affidavit. The State of Texas versus Laun Gentery. Filed the 30th day of April, 1910. W. A. Daniel, Justice of the Peace, Precinct No. 6, Fannin County, Texas." The information substantially conforms to the complaint, which is all that is required under the law. C. C. P. 1895, arts. 257, 466, 467. The jurat, although the precinct of which the magistrate is justice of the peace is left blank, we believe to be sufficient within itself (Neiman v. State, 29 Tex. App. 360, 16 S. W. 253); and, especially when taken in connection with the filing indorsed thereon, it is amply sufficient. The complaint may be made and sworn to before any justice of the peace.

[4] The next ground of the motion is that there is a fatal variance between the complaint and information, in that the complaint charges "Laun Gentary" with committing an aggravated assault on "on Minnie Waikefield," while the information charges "Lon Gentry" with committing an aggravated assault on "one Minnie Wakefield." The second "on" was evidently meant for the word "one"; but it is clearly surplusage and need not be considered either in the complaint or information. Mayo v. State, 7 Tex. App. 342; Mathews v. State, 39 Tex. Cr. R. 553, 47 S. W. 647, 48 S. W. 189. "Laun Gentary" is idem sonans with "Lon Gentry." Wilks v. State, 27 Tex. App. 381, 11 S. W. 415; Henry v. State, 7 Tex. App. 392. And so is "Minnie Waikefield" with "Minnie Wakefield."

[5] There is no merit in appellant's last ground of his motion to quash because the complaint was filed on April 30, 1910, and the information not until June 9, 1910. Roberson v. State, 15 Tex. App. 317.

The lower court did not err in not quashing the complaint and information on any of the grounds set up.

The judgment is therefore affirmed.

### On Motion for Rehearing.

The appellant has filed a motion for rehearing and earnestly insists that this court erred in holding that the name "Laun Gentary" is idem sonans with "Lon Gentry," and cites several cases where different words were held not to be idem sonans, decided by the courts of this state.

[6] The doctrine of idem sonans has been much enlarged by modern decisions to conform to the growing rule that a variance, to be material, must be such as would mislead a party to his prejudice. State v. White, 34 S. C. 59, 12 S. E. 661, 27 Am. St. Rep. 783.

Again, as laid down in 29 Cyc. 272, the rule is as follows: "The law does not regard the spelling of names so much as their sound. By the doctrine of idem sonans, if two names, although spelled differently, sound alike, they are to be regarded as the same. Great latitude is allowed in the spelling and pronunciation of proper names, and in all legal proceedings, whether civil or criminal, if two names, as commonly pronounced in the English language, are sounded alike, a variance in their spelling is immaterial. Even slight differences in their pronunciation is unimportant; if the attentive ear finds difficulty in distinguishing two names when pronounced, they are idem sonans"—citing in note 54, p. 272, a large number of names which are held by the courts to be idem sonans. In many of them the spelling is much different, and, if the pronunciation was attempted to be given of each letter and syllable in the name in an accurate and particular way, there would be much greater difference than in the names we hold idem sonans in this case. No injury whatever is shown to the appellant by spelling his name in the complaint "Laun Gentary" and in the information "Lon Gentry."

The motion for rehearing will be overruled.

---

### Ex parte LAWRENCE.
(Court of Criminal Appeals of Texas. May 17, 1911.)

HABEAS CORPUS (§ 113*)—APPEAL—DISCUSSION OF EVIDENCE.

The evidence will not be discussed on appeal, where one under indictment for murder applied for habeas corpus and after hearing was remanded without bail.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 114; Dec. Dig. § 113.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

W. W. Lawrence applied for habeas corpus, was remanded without bail, and appeals. Affirmed.

W. M. Holland, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The relator was indicted for murder. He applied for and secured a hearing on a second application for a habeas corpus. The district judge heard the case and all the evidence, which we have carefully gone over and considered. In such

cases we never discuss the evidence. It is our opinion that no error is shown by the district judge remanding the relator without bail.

We therefore affirm the judgment of the district court.