EX PARTE FELIX R. JONES.

No. 4709.   Decided October 17, 1917.

Motion of State for rehearing overruled October 31, 1917.

Murder—Habeas Corpus—Bail—Burden of Proof.

This court adheres to the opinion that the burden of proof rests upon the State to show by "proof evident" that a capital crime was committed and that relator was the guilty agent, and while the evidence will not be discussed, the relator is entitled to bail.

Appeal from the Hon. W. D. Howe, Judge, in vacation.

Appeal from habeas corpus proceedings denying bail.

*Marvin Simpson, M. Scarborough,* and *C. L. Vowell,* for appellant.—
On question of evident proof: Ex parte Boyott, 19 Texas Crim. App.,
17; Ex parte Evers, 29 id., 539; Ex parte Russell, 71 Texas Crim.
Rep., 377, 160 S. W. Rep., 75; Ex parte Stephenson, 71 Texas Crim.
Rep., 380, 160 S. W. Rep., 77.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Relator is charged with murder, and complains
of the order of the trial court denying him bail.

A perusal of the facts constrains us to hold that the court was in
error in rendering the judgment. It is ordered reversed, and relator
is granted bail in the sum of $10,000.

*Bail granted.*

ON REHEARING.

October 31, 1917.

MORROW, JUDGE.—The State insists that the court was in error
in granting bail to relator. In deference to this contention we have
reviewed the record, in the light of the decisions of this court giving
weight to the conclusions of the trial judge, and, granting the correct-
ness of his findings on conflicting evidence (Vernon's C. C. P., p. 910,
and cases cited), we adhere to the opinion that the burden rests upon
the State to show, by "proof evident," that a capital crime was com-
mitted, and that relator was the guilty agent. Branch's Crim. Law,
p. 49, and cases cited. Observing the established practice in this court,
we omit a discussion of the evidence. Sharp v. State, 1 Texas Crim.
App., 299; Ex parte Lawrence, 137 S. W. Rep., 697; Vernon's C. C. P.,
p. 910, and cases cited.

The State's motion for rehearing is overruled.

*Overruled.*