JOHN F. TYLER, MARSHAL OF THE CITY OF JACKSONVILLE, APPELLANT, VS. JAMES R. PAINTER, APPELLEE.

1. A writ of error is the exclusive method by which a judgment in a habeas corpus proceeding is reviewed in this court.

2. The general statute regulating notice, and the practice in writs of error, do not apply to the writ of error authorized under the statute regulating proceedings upon habeas corpus. The practice in such cases is in the discretion of this court.

This is an appeal from a judgment of the Circuit Court for Duval County, in a habeas corpus proceeding discharging the appellee from arrest made by the applicant as Marshal of the city of Jacksonville, upon a warrant issued by the Mayor of that city upon a charge of a violation by the appellee of an ordinance of the city.

The opinion of the court states all the facts involved in the points decided.

*J. W. Whitney* and *C. P. Cooper* for Appellant.

MR. JUSTICE WESTCOTT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court for the Fourth Judicial Circuit, rendered in a habeas corpus proceeding.

An appeal is not the method by which such proceedings are reviewed in this court. Under the statute regulating the subject a writ of error is the exclusive remedy. Thomp. Dig., 529–530. The method of proceeding under that statute is discussed in *ex-parte* Finch, 15 Fla., 632, and in *ex-parte* Edwards, 11 Fla., 174. This writ of error is not regulated by the general statute upon the subject of writs of error. Thomp. Dig. 446–7. The practice as to notice and the terms upon which the writ may be granted, are matters of discretion in this court.

There being no appeal from such judgment, the appeal must be and is dismissed.