BARTON A. THRASHER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Under a Constitution making all offences bailable, except "capital offences where the proof is evident or the presumption great," bail will be denied a person under indictment for murder, where the evidence adduced is such that if a jury had found a verdict of guilty of a capital offence, a judge would sustain the conviction, or refuse to grant a new trial. If the evidence is of less efficacy, bail should be granted.

2. The charge given by the Circuit Court in the case of Andrews vs. State, as to premeditated design, as such charge appears on page 607 of 21st volume of Florida Reports, is not "quoted with approval," or passed on otherwise by this Court in that case, in so far as it relates to premeditated design.

Writ of Error to the Circuit Court for Alachua County. The facts of the case are stated in the opinion.

*Taylor & Carter, Robt. W. Davis, J. W. Ashby,* for Plaintiff in Error.

*The Attorney-General* and *J. L. Frazee,* for Defendant in Error.

"All persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident or the presumption great." Sec. 9, Dec. of Rights, Constitution of Florida.

When the prisoner claims a justification he must take upon himself the burden of satisfying the jury by a preponderance of the evidence. He must produce the same degree of proof that would have been required if the blow had not produced death, and he had been sued for assault and battery and had set up a justification. It is not sufficient for him to raise a reasonable doubt.

People vs. Schroger, 42 N. Y.; 1; overruling 46 Barb., 625.

The necessity that will justify the slaying of another in self-defence must not have been occasioned by the slayer. A party who seeks and brings on a difficulty cannot avail himself of the rights of self-defence in order to shield himself from the consequences of killing his adversary, however imminent the danger in which he may have found himself in the progress of the affray.

Case of Vaiden, 12 Grattan's Reports, 717; State vs. Underwood, 57 Mo., 40; State vs. Linny, 52 Mo., 40.; S. C. Greens Crim. Reports, 753.; People vs. Perdue, 49 Cal., 425.

And we contend that sufficient evidence must be shown in the testimony to warrant the Court in reversing a verdict of guilty before this court can find that the lower court erred in its decision on the motion for bail, and on the same reasoning that is held in case of verdicts of guilty by juries.

RANEY, C. J.: The plaintiff in error stands indicted in the Circuit Court of Alachua county for the murder of Louis Witkovski, and having applied to the Judge of that Circuit to be released on bail, the Judge heard the testimony adduced by the prisoner and the State, and concluding that the case was not bailable, denied the application. To the order refusing bail, the prisoner prayed a writ of error to this court and the Circuit Judge granted the writ, and in this manner the decision of the Judge is before us for review.

The ninth section of the Declaration of Rights is: All persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident or the presumption great. Constitution of 1885. A safe rule commending itself to our judgment, and having the sanction of our courts of high character in States in which a similar constitutional provision has prevailed, is to refuse bail in all cases where a judge would sustain a capital conviction, if pronounced by a jury, on such evidence of guilt as is exhibited on the hearing for bail; and where the evidence is of less efficacy to admit to bail. Commonwealth vs. Keeper of Prison, 2 Ashmead, 227; State vs. Summons, 19 Ohio, 139; Street vs. State, 43 Miss., 1; Ex-parte Bryant, 34 Ala., 270; Ex-parte McAnally, 53 Ala., 495; Ex-parte Nettles, 58 Ala., 268; Church on Habeas Corpus, Sections 402, 403. The decisions of the Texas Court of Appeals cited in behalf of the plaintiff in error, were made under a constitutional provision similar to the above, omitting the words " or the presumption great," (Constitution of Texas of 1876), yet the same rule is approved in Ex-parte Foster, 5 Texas Court of Appeals Reports, 625; Ex-parte Beacon, 12 *Ibid*, 318; Ex-parte Coldiron, 15 *Ibid*, 464.

We have carefully considered the evidence in this case, and without going into the discussion of it, which, in such

cases, appellate courts refrain from doing, (Ex-parte Foster, *supra*,) in view of the possible effect it might have upon the jury trial to follow, we are satisfied that the Circuit Judge was governed by the rule as above stated, and as it is further explained in the authorities cited; and we find in the record nothing that would justify us in interfering with his action in refusing bail.   Ex-parte McAnally, *supra*.

We are asked, among other grounds, to admit to bail upon the basis of the charge as to premeditated design given by the Circuit Judge in the case of Andrews vs. State, and to be found in 21 Fla. Reports, on page 607, which charge counsel assert to be "quoted with approval" by this court. Even a slight consideration of the opinion will discover that the correctness of the charge as to the question of what constitutes a premeditated design was not before the court, and that it was not passed upon approvingly or otherwise in that respect.   The law as to premeditated design as an element of murder in the first degree, under the statute of 1868, is discussed in other decisions to be found in our reports, and it is not for us to review at this time an instruction of the Circuit Court in the Andrews case upon a point not made when it was before this court.

The writ of error was doubtless allowed by the Circuit Judge in this case upon the theory that the proceedings before him were substantially in the nature of a *habeas corpus*.   No objection has been taken by the State to the apparent and serious irregularities ; still, it has been not without considerable hesitation that we, on ascertaining them since the submission of the cause, have obtained our own consent to overlook them, and our having done so on this occasion, will not be taken as precedent for future causes.

The judgment is affirmed.