GEORGE W. RUSSELL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion filed February 15, 1916.

1. Section 3221 of the General Statutes defines two phases of the crime of rape, one where the crime is committed upon a female child of the age of ten years or more, and the other where the crime is committed upon a female child under the age of ten years. In the former case the elements of force and consent are material, while in the latter they are not material.

2. Upon an application for a writ of *Habeas Corpus* to admit a defendant to bail who is under indictment for rape, the court may look to the indictment to determine whether that phase of the crime of rape is charged in which the elements of force and consent are material.

3. In an application for bail under an indictment for rape the indictment is not conclusive of the defendant's guilt, but the burden is upon him to show that the proof is not evident and the presumption is not great; the indictment is merely a strong *prima facie* showing that the accused is rightfully held in custody and not entitled to bail.

4. In an application for bail under an indictment for a capital crime the question for the court to whom the application is

made, is not whether the evidence adduced is sufficient to es-
tablish guilt beyond a reasonable doubt, but whether the evi-
dence including that of the State which the applicant must
produce is sufficient to establish that degree of proof show-
ing evident guilt or great presumption of guilt which is of
a higher degree of proof than that which would sustain the
verdict of a jury.

Writ of Error to Circuit Court, Duval County; D.
A. Simmons, Judge.

Order reversed.

*A. G. Hartridge* and *J. Turner Butler,* for Plaintiff
in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,*
Assistant, for the State.

ELLIS, J.—George W. Russell was indicted by the
Grand Jury of Duval County for rape. The indictment,
omitting venue, title and signature of State Attorney, is
as follows:

*"In the Name and By the Authority of the State of
Florida:*

*"The Grand Jurors of the State of Florida,* empan-
elled and sworn to inquire and true presentment make
in and for the body of the County of Duval, upon their
oath do present that George W. Russell, late of the
County of Duval and State of Florida, on the 1st day
of November, in the year of our Lord one thousand nine
hundred and fifteen in the County and State aforesaid,
in and upon one Pauline Stearn an assault did make, and
her the said Pauline Stearn did then and there ravish

and carnally know, by force and against the will of her the said Pauline Stearn; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

A capias issued upon the filing of the indictment and Russell was taken into custody and incarcerated in the county jail to await trial. Upon a writ of Habeas Corpus applied for by him to admit him to bail the court denied the bail and remanded Russell to the custody of the sheriff of Duval County to be safely kept until otherwise directed by some court of competent jurisdiction. To this order Russell took writ of error.

Rape is a capital offense in this State. Sec. 3221 Gen. Stats. of Florida.

Section 9 of the Declaration of Rights of the Constitution of Florida provides that "All persons shall be bailable by sufficient sureties except for capital offenses, where the proof is evident or the presumption great."

Section 3221 of the General Statutes of Florida is as follows: "Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death or by imprisonment in the State prison for life. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only."

The offense of rape is one defined by the statute and the charge in the indictment must be in the language of the statute or language of equivalent import. The circumstances which constitute the definition of the offense denounced by the statute must be stated in the indictment. Nothing will be taken by intendment. The de-

fendant should be brought within all the material words of the statute. See Humphreys v. State, 17 Fla. 381; Barber v. State, 13 Fla. 675; Cook v. State, 25 Fla. 698, 6 South. Rep. 451.

Section 3221 defines two phases of the crime of rape, one where the crime is committed upon a female child of the age of ten years or more by force and against her will, the other where the offense is committed upon a female child under the age of ten years. In the one case the offense cannot be proved except by a showing upon the part of the State that the offense was committed by force and against the will of the female, while in the other case the offense is established by showing that the defendant had carnal knowledge of the child and that she was under ten years of age. In the latter case the element of force or consent of the child is immaterial. See Schang v. State, 43 Fla. 561, 31 South. Rep. 346; Wilson v. State, 50 Fla. 164, 39 South. Rep. 471. The indictment in this case it will be seen charges the offense of rape under that phase of the crime where the act is committed upon a child ten years of age or more and where the elements of force and consent are material. There is nothing in the record to show that the person upon whom the offense was alleged to have been committed was not in possession of her mental and physical faculties, nor that she was of an unenlightened mind, but being ten years of age or more she was presumed to be enlightened.

In the case of Barker v. State, 40 Fla. 178, 24 South. Rep. 69, this court held that the law presumes a female under the age of ten years can not consent to carnal intercourse, but above that age she may, but that in determining whether or not she does consent when over ten,

her age may be considered and her knowledge as to such matters. See also Hollis v. State, 27 Fla. 387, 9 South. Rep. 67.

The court below did not consider the girl to be of such tender years as to allow the State Attorney to propound to her grossly leading questions in her examination as a witness, and her own testimony is not of such character as to show that the proof was evident and the presumption great that the act was accomplished by force and against her consent. The manner of the commission of this alleged offense, the circumstances, time and place were all material in this investigation as bearing upon the question of resistance and consent.

In a proceeding of this character the indictment is not conclusive of the defendant's guilt, but the burden of proof is upon the accused to show that the proof is not evident and the presumption is not great. See Finch v. State, 15 Fla. 633; Holley v. State, Ibid. 688; Benjamin v. State, 25 Fla. 675, 6 South. Rep. 433; Rigdon v. State, 41 Fla. 308, 26 South. Rep. 711.

The question is not whether the evidence adduced on an application for bail is sufficient to establish guilt beyond a reasonable doubt, but whether the evidence is sufficient to establish that degree of proof where the judge to whom the application is made may say that guilt is evident or the presumption is great, which is a greater degree of proof than that establishing guilt merely to the exclusion of a reasonable doubt.

The word "Evident" is defined by Webster as "clear to the understanding and satisfactory to the judgment." Synonyms: "Manifest, plain, clear, obvious, conclusive." The word "Manifest" is defined as follows: "to put beyond question of doubt." In a trial this degree of

proof is not required, for it not infrequently happens that upon a conviction the court will refuse to grant a new trial because there is evidence to support the verdict although to his mind guilt may not have been established to the point of being manifest, obvious, beyond a question of doubt, yet it is to the court to whom application for bail is made, and his judgment is invoked as to the degree of proof established by the evidence, and not what a petit jury not yet empanelled may possibly decide as to the probative force of the evidence.

If, therefore, when an application is made to the court for bail in a capital case after indictment, the question for him is whether, considering the indictment, and all the evidence for the State, and that adduced in behalf of the defendant, the proof of guilt is evident or the presumption raised thereby is great.

Under the common law practice bail was generally refused after indictment, because the court could not know on what evidence the grand jury acted, and by a legal fiction the proof thus offered was treated *pro forma* as "evident" and the presumption thereby arising "great." 3 R. C. L. p. 14. But under our constitution and the decisions of this court the indictment is not regarded as conclusive. Rigdon v. State, *supra;* Gainey v. State, 42 Fla. 607, 29 South. Rep. 405. In which latter case the court held that "where the *proofs* in such a case go no further than to estabilsh a *probability* of guilt, they are not sufficient either to sustain a verdict of conviction or to call for a denial of bail." In that case application was made for bail after indictment for a capital crime.

The English rule and that applied by Chief Justice MARSHALL in "Burr's Trial," denying bail after indict-

ment by a grand jury does not obtain, as has been shown, in this State.

The indictment is merely a strong prima facie showing that the accused is rightly held in custody and not entitled to bail. Rigdon v. State, *supra*. But the Grand Jury does not determine, nor is it clothed with the power to decide the question of bail in any case. The proceedings of a Grand Jury are secret and wholly *ex parte,* evidence for the State being alone received. The accused is not present, he cannot be represented by counsel, he is not heard upon the legality or probative force of the evidence adduced. The proceedings are largely directed by the State Attorney, who exercises some influence in the selection of witnesses and to some extent, perhaps, directs the findings. It would seem that in view of these conditions, and the recognized policy of the law to afford every one accused of crime the full opportunity to prepare his defense, that it is quite sufficient to treat the indictment as merely *prima facie* evidence of the truthfulness of the charge, upon an application for bail.

It was said in the case of Thrasher v. State, 26 Fla. 526, 7 South. Rep. 847, that it was a safe rule "to refuse bail in all cases where a judge would sustain a capital conviction if pronounced by a jury on such evidence of guilt as is exhibited on the hearing for bail; and where the evidence is of less efficacy to admit to bail." As to the latter part of the court's language there can be no question as to its correctness, because if there is no evidence whatever of the defendant's guilt, of course he should be admitted to bail; but it does not follow that because a court admits the applicant to bail it thereby decides that upon the evidence presented a jury should not convict the defendant of a capital offense, and if con-

victed the verdict would not be permitted to stand. As pointed out the evidence may be sufficient to satisfy a jury beyond a reasonable doubt, there may be sufficient evidence to support such a verdict so that the trial judge would refuse to set it aside, although to his mind the evidence did not establish such degree of proof as that he could say guilt was evident, clear, conclusive beyond question of doubt. It was not intended to substitute the judgment of the court for that of the jury, and to use an order admitting the defendant to bail as an adjudication of his innocence.

The language used in the Thrasher case was used in the case of Commonwealth v. Keeper of Prison, 2 Ashmead .(Pa.) 227, in which the court admitted the applicant to bail applying the latter clause. The court could find in no part of the testimony any ground for a fair and reasonable presumption that the defendant ever intended to take the life of the deceased.

The case of Street v. State, 43 Miss. 1, was cited in the Thrasher case in support of the rule. That case followed a rule announced in Commonwealth v. Keeper of Prison, but in a prior case decided by the Supreme Court of Mississippi, Ex parte Wray, 30 Miss. 673, the court announced the rule that "if a well founded doubt (of guilt) can ever be entertained, then the proof cannot be said to be evident nor the presumption great, and in such case bail must be granted." And in the case of Ex Parte Bridewell, 57 Miss. 39, the court declined to follow the rule announced in the case of Street v. State, 43 Miss. 1, and criticised the rule announced in 2 Ashmead 227, in the following language: "This rule, we think, is as plainly violative of the organic law, on the other. extreme, as the remark of the High Court of Errors and Appeals

in the cases above cited. A verdict of conviction where no error of law has intervened will never be set aside unless manifestly wrong or as is sometimes said, if there be any evidence to support it. To say that bail will only be granted where there is no evidence showing guilt, or where the proof of guilt is so slight upon the whole testimony that a conviction would be manifestly wrong, is plainly inconsistent with the constitutional requirement that it shall be granted in all cases except where the proof is evident or the presumption great." The Pennsylvania rule which seems to have been followed in the Thrasher case fails to give due effect to a verdict of conviction. "It overlooks the vast change it effects in the attitude of the party."

The only witness for the State whose name appears upon the back of the indictment in this case was that of the prosecutrix, Pearl Stearns, and her testimony carries with it its own contradictions and discrepancies, and while this court does not undertake to say in this proceeding that the evidence would not sustain a conviction of guilt, we think that the plaintiff in error met the burden of showing that the proof was not evident and the presumption was not great of the capital offense charged.

The order of the court remanding the accused to the custody of the sheriff is reversed and the court is directed to admit him to bail in such sum as it deems necessary to secure his presence at the trial.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and WHITFIELD, JJ., concur.

WHITFIELD, J. (*concurring.*)—The Constitution ordains that "no person shall be * * * deprived of * * *

liberty * * * without due process of law." Sec. 12 Declaration of Rights. This section is designed to secure the right to personal liberty at all times when that right has not been forfeited and such forfeiture author-itatively determined by due course of law.

The Constitution also provides that "all persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great." Sec. 9 Declaration of Rights. This section is designed to secure the right to bail in all cases, except where from the evidence by which an alleged crime may be legally proven it appears with reasonable and evident or manifest certainty that the accused is guilty of a capital offense as charged.

The organic law contains provisions that "all courts in this State shall be open, so that every person for any injury done him in his * * * person or reputation * * * shall have remedy, by due course of law, and right and justice shall be administered without * * * delay" and that "the writ of habeas corpus shall be granted speedily and of right." Secs. 4 and 7 Declaration of Rights. These sections are intended to secure the right to a prompt and speedy determination by competent tribunals of the right to personal liberty when that right is duly alleged to have been violated. If a person who is duly charged with a crime is denied the right to bail when the offense charged is not a capital offense or when the charge is of a capital offense and the proof is not evident or the presumption is not great of the guilt of the accused of the capital offense charged, such denial of the right to bail is a deprivation of liberty without due process of law in violation of the Constitution as well as a denial of the organic

right to bail in all cases except for capital offenses where the proof is evident or the presumption great; and upon complaint duly made it is the duty of the courts by due procedure and without needless delay to determine whether the right to personal liberty is denied without due process of law or whether the organic right to bail is unlawfully denied, and to afford apropriate relief in due course of law. The use of the writ of habeas corpus to speedily determine whether a person charged with a capital offense is entitled to bail before trial and conviction, is authorized by law so as to render effective the rights to bail and to liberty as provided by the Constitution.

In a trial on a charge of a capital offense, the issue to be determined is whether the defendant is guilty or innocent of the capital offense charged; and the burden is upon the State to show by competent evidence beyond a reasonable doubt that the defendant is guilty of the offense charged. The requirement that the evidence shall show guilt beyond a reasonable doubt, is a rule of judicial procedure designed to secure the organic right to personal life and liberty where that right has not been by due process of law clearly and indubitably shown to have been forfeited by the commission of the crime charged.

In an application for bail under a charge of a capital offense the accused is not on trial to determine the ultimate question of guilt or innocence, but the issue to be determined is whether or not on the entire evidence produced at the hearing, the proof is evident or the presumption great of the guilt of the accused of the capital offense charged, so as to adjudicate whether or not the accused is, before conviction, entitled to bail under the Con-

Russell v. State—Concurring Opinion

stitution; and the burden is upon the accused to produce the entire evidence, including that on the part of the State as well as that on the part of the accused, and to show from such entire evidence that the proof is not evident and the presumption is not great that the accused is guilty of the capital offense charged. The requirement that the proof shall be evident or the presumption great of guilt of a capital offense, before a person may lawfully be denied a right to bail, is a mandate of the Constitution designed to secure the organic right to personal liberty before conviction of a capital offense when the proof is not evident or the presumption is not great of the guilt of the accused of the capital offense charged. The hearing on application for bail and the trial to ultimately determine the truth of the charge are essentially different in the issues to be determined, in the procedure to be observed and in the object to be attained. The quantum of proof required by rules of judicial procedure in a trial to ultimately determine the question of guilt or innocence with reference to punishment or acquittal, i. e. that guilt must be shown beyond a reasonable doubt, is not necessarily the same as the quantum of proof required to show a right to bail under the Constitutional provision that all persons shall be bailable even when charged with a capital offense, where the proof is not evident and the presumption is not great of the guilt of the accused of the capital offense charged.

The question whether the evidence is legally sufficient to sustain a verdict of guilty of the capital offense charged, is not to be determined on an application for bail *upon the evidence then adduced.* That question is to be determined at or after the trial by the trial court and on writ of error by the appellate court, and such de-

termination is to be made *upon the evidence adduced at the trial.* This is so, even though the evidence be the same at both hearings; but the law does not require and the actualities of life do not make practicable, the production at a trial more or less remote in time from the application for bail, exactly the same evidence that was adduced at the hearing on the application for bail. Thus it is made manifest that on an application for bail the only question to be determined and the only consideration, is whether the accused has from the whole evidence shown that the proof is not evident and the presumption is not great of his guilt of the capital offense charged. This is accomplished when it appears from a consideration of the entire evidence that the proof of the guilt of the accused of the capital offense, not of a lesser offense that may be included in the charge, is so clear as to be evident or plainly manifest from the evidence that a doubt having a substantial basis in the evidence is not apparent from the whole evidence, *and* that from the entire evidence the presumption of guilt of the capital offense as charged is not great, that is, not so strong as to make guilt of the capital offense so plainly evident that a doubt is not clearly well founded in the evidence adduced. If any essential element of an offense is not shown the offense is not shown.

The capital offense here charged is that the accused did ravish and carnally know "a female of the age of ten years or more, by force *and* against her will." On this application for bail the burden is on the accused to show from all the evidence that the proof is not evident *and* that the presumption is not great that he is guilty of the capital offense charged. This burden is met when it appears from all the evidence adduced that the proof is

not evident and the presumption is not great of either essential element of the offense charged, i. e. that he either did not as alleged ravish and carnally know the named female by force *or* that he did not do so against her will.

As from the testimony of the prosecutrix and the other evidence adduced at the hearing, the proof is not evident and the presumption is not great that the carnal intercourse, if had, was "against her will," the accused is entitled to bail.

Whether the evidence adduced on this application for bail would, or would not be legally sufficient to sustain a capital conviction is not a subject of consideration here, since there has been no conviction. As at a trial on this indictment when other and different issues are to be determined, the evidence then adducd may not be exactly the same, and no more and no less in its extent or probative force than that taken in this proceeding, there is no just basis or legal authority for considerations of, or expressions as to the effect of, evidence that may hereafter be adduced at a trial, and no such questions are considered and no such expressions are indulged in here.

Evidence may be legally sufficient to sustain a conviction of a capital offense where nothing prejudicial to the accused occurred at the trial, when, even if it could have been exactly the same on an application for bail, such evidence may have been insufficient to make the proof evident or the presumption great of the guilt of the accused of the capital offense charged, so as to warrant a denial to him of his organic right to bail.

The conclusion here reached should have no influence on the determination of the guilt or innocence of the accused at the trial that may be had for that purpose.