STATE OF FLORIDA, *ex rel.*, JOHN GOBEL, *Plaintiff in Error,*
v. HENRY R. CHASE, AS SHERIFF DADE COUNTY, *Defendant in Error.*

En Banc.

Opinion Filed January 12, 1926.

. *Moman Pruiett,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for Defendant in Error.

ELLIS, J.—The plaintiff in error was arrested and taken into custody upon a charge of murder in August, 1925. At a preliminary hearing held in September, 1925, he was committed to jail to await the action of the grand jury He obtained a writ of habeas corpus and applied for his discharge on bail. The motion was denied and he was remanded to the custody of the sheriff to be held under the commitment which was issued by the county judge. To that judgment he took a writ of error.

The bill of exceptions contains over the signature of the circuit judge all the evidence which was considered by the court upon the habeas corpus proceedings.

The Constitution provides that ''All persons shall be bailable by suffificient sureties, except for capital offenses, where the proof is evident and the presumption great.'' Sec. 9 Declaration of Rights.

In an application for bail where a person in charged with the commission of a capital offense the question is not whether the evidence adduced at the hearing on habeas corpus is sufficient to establish guilt beyond a reasonable doubt but whether all the evidence, including that of the State which the applicant must produce, is sufficient to establish that degree of proof showing evident guilt or great presumption of guilt which is a higher degree of proof than that which would sustain the verdict of a jury. A verdict of guilty, where no error of law has intervened, will not be set aside unless manifestly wrong or, as is sometime said, if there be any substantial evidence to support it. To say that bail will not be granted except in a case where there is no substantial evidence tending to establish

guilt or that the proof is so slight that a conviction would
be manifestly wrong, would be to practically destroy the
meaning of the constitutional guaranty that bail shall be
granted in all cases where the proof is evident or the pre-
sumption great. See Russell v. State, 71 Fla. 236, 71 South.
Rep. 27.

The evidence in this case, as shown by the record pre-
sented here, in our opinion, reaches that degree of proof
which is described by the phrase "proof evident and pre-
sumption great." It is not only sufficient to sustain on
writ of error a verdict of guilty in case there had been a
trial and conviction of the accused and no error had oc-
curred in such trial prejudicial to him, but it meets that
degree of proof described as evident and raising a great
presumption of guilt.

The facts in the case, which the record discloses, appear
to have been in substance as follows: The deceased, a
woman named Mae Hunt, and several others had consti-
tuted a party, of which the accused was a member. Shortly
afterwards, possibly the day following, the accused caused
the woman to be arrested upon a charge of the theft of a
diamond ring belonging to him valued at about fifteen hun-
dred dollars. She was taken into custody and placed in
the county jail on the night of August 17, 1925. The fol-
lowing day she sent for an attorney to defend her and re-
tained his services. That night she telephoned for the de-
fendant to come and see her. He went to the jail in com-
pany with his brother and another. The two who accom-
panied the defendant remained outside while the defendant
went in and interviewed the woman. It is easily inferable
from the evidence in the case that the relations existing
between the accused and the woman were immoral. He
believed she had stolen his ring. There were other consid-
erations which might easily account for a desire on his part

to terminate those relations. After an interview which lasted only a few minutes he left her cell. She followed as far as she was permitted to go, reproving him for something he had done.

After he left she became violently nauseated and sick. She was taken to a hospital where a few hours before her death she made a dying declaration to the effect that the accused had partly by persuasion and partly by force compelled her to drink from a glass in which he had placed a poison representing it to be a harmless medicine but which proved to be bichloride of mercury.

When the accused was arrested upon the charge of murder he made statements inculpating himself and expressed sorrow for what he had done.

In this state of case we are of the opinion that the judgment of the court remanding the accused was correct; that there was no error in the proceedings and that the judgment should be affirmed.

It is so ordered.

BROWN, C. J., AND WHITFIELD AND TERRELL, *J.J.*, *concur*.

BUFORD, J., disqualified.