George Deeb, *Plaintiff in Error,* v. H. E. Gandy, Sheriff, Escambia County, Florida, *Defendant in Error.*

148 So. 540.

Division B.

Opinion filed May 23, 1933.

*Philip D. Beall, A. A. Fisher* and *B. K. Roberts,* for Plaintiff in Error.

*Cary D. Landis, Attorney General, Roy Campbell,* Assistant, and *J. McHenry Jones,* for Defendant in Error.

Per Curiam.—This case comes before us on writ of error to a judgment of the Circuit Court of the First Judicial circuit in a *habeas corpus* proceeding wherein the plaintiff in error was remanded to the custody of the Sheriff of Escambia County to be held without bail on a charge of murder in the first degree.

Writ of error affords the proper method of review of a judgment in *habeas corpus* proceedings. See Tyler v. Painter, 16 Fla. 144, and authorities there cited.

If, however, a Circuit Court on petition refuses to issue a writ of *habeas corpus* then the petitioner may apply direct to this Court, presenting his original petition here which will be treated as an application to this Court for an original writ. See Ex Parte Jeffcoat, opinion filed March 23, 1933.

The question for us first to determine here is, whether or not the proof is evident, or the presumption great, that the alleged homicide was committed by Deeb from and with a premeditated design to effect the death of the person assaulted, and not, whether or not Deeb unlawfully killed the person assaulted. The case was presented to the court below on stipulation between counsel for the State and counsel for the defendant that a transcript of the testimony taken before the coroner's jury would constitute all the evidence to be submitted either by the State or the defendant for the purpose of that hearing and the same testimony comes to us for consideration embodied in a bill of exceptions.

The rule appears to be well settled that it is improper where an Appellate Court is reviewing the judgment of the Circuit Court in refusing bail in a criminal case, for the Appellate Court in the opinion to comment upon, or discuss, the evidence because of the probability that such comment upon, or discussion of, such evidence might have influence in the determination of the cause on the final trial. "Ex p. Mancill, 15 Ala. A., 421, 73 S. 756; Ford v. Dilley, 174 Iowa 243, 156 N. W. 513; Ex p. Garvin (Okl. Cr.) 192 P. 363; Ex p. Argenta, 88 Tex. Cr. 41, 224 S. W. 891; Ex P. Smith, 85 Tex. Cr. 649, 215 S. W. 299; Ex p. Webster, 80 Tex. Cr. 644, 192 S. W. 1063; Ex p. Parker, 80 Tex. Cr. 114, 188 S. W. 983; Ex p. Sapp, 77 Tex. Cr. 400, 179 S. W. 109; Ex p. Lawrence (Tex. Cr.), 137 S. W. 697; Ex p. Sperger, 62 Tex. Cr. 133, 137 S. W. 351; Ex

p. Beaupre (Tex. Cr.), 135 S. W. 547; Ex p. McFarlane (Tex. Cr.), 129 S. W. 610; Ex p. Rucker, 6 Tex. A. 81; Ex p. McKinney, 5 Tex. A. 500; Ex p. Day, 3 Tex. A. 328; Ex p. Cook, 2 Tex. A. 388; Sharp v. State, 1 Tex. A. 299."

We, therefore, refrain from here entering into a discussion of the evidence to show our reasons for arriving at the conclusion reached.

In Gainey v. State, 42 Fla. 607, 29 Sou. 405, in which case this Court had before it an application for bail in the case wherein the petitioner was charged with murder in the first degree, this Court said:

"Where the proofs in such a case go no further than to establish a probability of guilt they are not sufficient either to sustain a verdict of conviction or to call for a denial of bail."

In Russell v. State, 71 Fla. 236, 71 Sou. 27, this Court said:

"The question is not whether the evidence adduced on an application for bail is sufficient to establish guilt beyond a reasonable doubt, but whether the evidence is sufficient to establish that degree of proof where the judge to whom the application is made may say that guilt is evident or the presumption is great, which is a greater degree of proof than that of establishing guilt merely to the exclusion of a reasonable doubt.

"The word 'evident' is defined by Webster as 'clear to the understanding and satisfactory to the judgment.' Synonyms: 'Manifest, plain, clear, obvious, conclusive.' The word 'manifest' is defined as follows: 'To put beyond question of doubt.' In a trial this degree of proof is not required, for it not infrequently happens that upon a conviction the court will refuse to grant a new trial because there is evidence to support the verdict, although to his

mind guilt may not have been established to the point of being manifest, obvious, beyond a question of doubt, yet it is to the court to whom application for bail is made, and his judgment is invoked as to the degree of proof established by the evidence and not what a petit jury not yet impaneled may possibly decide as to the probative force of the evidence."

After a fair and careful consideration of the evidence, we are of the opinion that the proof of premeditated design is not evident, nor the presumption thereof great, and that, therefore, the plaintiff in error is entitled to bail. We, therefore, hold that the plaintiff in error should be set at liberty, upon having entered into a bail bond in the sum of $7500.00, with good and sufficient sureties to be approved by one of the Judges of the Circuit Court of the First Judicial Circuit of Florida, conditioned that he, the plaintiff in error, shall be and appear in and before the Circuit Court of Escambia County at the next regular or special term thereof to answer the charge pending against him, and otherwise according to law in such cases made and provided.

It is so ordered.

DAVIS, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.