TERRELL, Justice.
Appellant was arrested on a warrant charging murder in the first degree. At a preliminary hearing she was bound over for appearance before the Circuit Court on condition that she post bond in the sum of $10,000, which she promptly did. Soon thereafter she was indicted for murder in the first degree. She voluntarily surrendered to the sheriff and promptly petitioned the appropriate court for writ of habeas corpus to allow her bond on the ground that proof of guilt was not “evident or the presumption great.” The writ was issued, return thereto was entered and counsel stipulated that in lieu of calling witnesses, the charge be considered on the transcript of testimony taken at the preliminary hearing. On consideration the court quashed the writ and remanded appellant to custody. Appeal was granted and the cause was accelerated under 30 F.S.A. Rule 43 of the Rules of this court.
The sole point for determination is whether or not the trial court committed error in quashing the writ of habeas corpus and remanding the appellant to custody of the sheriff without bail.
Appellant is charged with a capital offense but if proof of guilt is not “evident or the presumption great”, she is entitled to bail. Section 9, Declaration of Rights, Constitution of Florida, F.S.A. We have examined the evidence and we do not think there is a clear showing that appellant was guilty of the degree of homicide for which she was charged. State ex rel. Young v. Kelly, Fla., 66 So.2d 252; State ex rel. Connor v. Sullivan, 160 Fla. 844, 36 So.2d 828; Deeb v. Gandy, 110 Fla. 283, 148 So. 540; Russell v. State, 71 Fla. 236, 71 So. 27; Mayo v. State, Fla., 71 So.2d 899.
The last cited case is apposite because we there held that defendant’s version of the homicide can not be ignored where there is absence of other evidence legally sufficient to contradict his explanation. Appellant and deceased were the only witnesses to the homicide and the tenor of *167 appellant’s evidence is that she shot in self-defense.
We think appellant was entitled to the relief prayed for so the cause is reversed with directions to grant bail.
Reversed with directions.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.