THORNAL, Justice.
Appellant Van Eeghen seeks reversal of an order of the Circuit Judge dismissing a writ of habeas corpus and remanding him to the custody of appellee Sheriff without bail.
The only question before us is whether the evidence presented to the trial judge was sufficient to justify the denial of bail in a capital case.
Appellant Van Eeghen was indicted by a Grand Jury and charged with first degree murder. He petitioned for a writ of habeas corpus to test his right to bail. The writ was issued and made returnable before the Circuit Judge. After hearing all of the testimony, the Circuit Judge entered a final judgment dismissing the writ and remanding the petitioner-appellant to the custody of the Sheriff wtihout bail but granting to the petitioner the right to take an appeal to this Court from said judgment. Hence, this appeal.
The record before us has been carefully and thoroughly examined. In considering the right of accused to bail, we must apply the provisions of Section 9 of the Declaration of Rights of the Florida Constitution, F.S.A., which reads:
“Sec. 9. All persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident or the presumption great.”
We have consistently followed the constitutional prescription which permits the denial of bail in capital offenses only where the proof is evident or the presumption great. It is not sufficient to justify a denial of bail in such cases that the evidence establish merely a probability of guilt. See Ex parte Nathan, Fla., 50 So. 38.
In Russell v. State, 71 Fla. 236, 71 So. 27, this Court held that the degree of proof sufficient to deny an accused the right to bail in a capital case under our Constitution, to-wit, proof that guilt is evident or the presumption of guilt is great is actually a greater degree of proof than that which is required to establish guilt merely to the exclusion of a reasonable doubt. See State ex rel. Freeman v. Kelly, Fla. 1956, 86 So.2d 166; State ex rel. Hernandez v. Culbreath, 152 Fla. 356, 11 So.2d 569; State ex rel. Connor v. Sullivan, 160 Fla. 844, 36 So.2d 828.
We pretermit any discussion of the details of the evidence in the case before us for the reason that we do not desire tO' indicate in any fashion this Court’s opinion on the weight or the sufficiency of the evidence at a subsequent trial. It is sufficient to hold, and we do hold, that the evidence in this record is not adequate to justify the denial of bail within the-framework of the requirements of our Constitution. In other words, the evidence presented to the trial judge fails to supply proof that guilt is evident or the presumption thereof great.
The accused is, therefore, entitled to bail. The judgment appealed from is reversed' and it is the judgment of this Court that the appellant Philip Van Eeghen be released from custody on good and sufficient appearance bail bond in the sum of $10,000, h> be approved by the Clerk of the Circuit Court of Brevard County.
It is so ordered.
DREW, C. J., and TERRELL and HOBSON, JJ., concur.