JOHNSON, Judge.
This is an appeal from an order denying habeas corpus and denying bail.
The defendant was arrested November 28, 1965, and charged with the first degree murder of Marjorie Medlin. The facts pertinent to this decision can be briefly stated as follows: the defendant took the deceased and her two children, a son 15 and a daughter about 12 or 13 years of age, from Jacksonville to defendant’s beach cottage at Or-mond Beach, in Volusia County, Florida, to spend Thanksgiving and Thanksgiving week-end together. All went well, from the 24th of November, the time of their arrival at Ormond Beach, until Friday night, November 26th, when there was some argument between the defendant and the deceased about the deceased being conceived of child by a Charlie McCullough. Again on Saturday night, the 27th of November, the argument between the defendant and the deceased took place again and apparently erupted into such a bitter squabble that the deceased left the defendant’s house about ten or eleven P.M., with the statement that she was going back to Jacksonville, even if she had to walk. Shortly thereafter, the defendant left the house to try to find the deceased. He was gone about 25 minutes before he returned to the house, and at about 11:30 P.M., the defendant and the 15 year old son of the deceased went back out to look for the deceased and rode around for some time looking for her. The defendant’s car was identified as being parked beside the road about a block from where the deceased’s body was found. Early Sunday morning, November 28, the defendant took the two children of the deceased, and her clothes, and went back to Jacksonville. The son left a note to his mother telling her they had gone back to Jacksonville.
The body of deceased was found about 6:00 A.M. November 28, near the ocean at Ormond Beach, about a block from where defendant’s car had been seen the night before. Upon arriving at Jacksonville, the defendant was notified by his telephone answering service to contact the Duval County Sheriff’s Office, which he did. Then the defendant and the deceased’s son were questioned from about 11:00 A.M. to 5:00 P.M. about the week-end and happenings. No mention was made by the son of any statement made by the defendant about the death of his another, but next day, after the son had spent the rest of Sunday, Sunday night and Monday with an uncle and aunt, he told the officers that the defendant had said on Saturday night while he and the defendant were searching for the deceased, that he, the defendant, was sorry — that he didn’t mean it and “she had the gun and she would have killed me” and that it was self defense. This statement of the son and the testimony of a witness identifying the defendant’s car as being parked about 11:15 P.M.- about one block from where the deceased was found next morning, was the *507 only evidence connecting the defendant with the death of the deceased. The pathologist who performed the autopsy at 11:00 A.M. Sunday, estimated the death to have been about six hours previously or about 5 :00 A.M. He admitted he could be off in his timing by a “couple” of hours, which would have placed, the death at about 3:00 A.M. The defendant and the son of the deceased were together from 11:30 P.M. ■Saturday until late Sunday afternoon.
The defendant was arrested on Sunday P.M. (November 28) and charged with first ■degree murder. Petition for writ of habeas corpus was filed November 29, alleging lack •of probable cause, and alleging further that the proof of guilt was not evident nor the presumption great enough to deny the defendant bail.
Section 9, Declaration of Rights, Florida •Constitution, F.S.A. provides:
“SECTION 9. Right to bail; when denied — All persons shall be bailable by sufficient sureties, except for capital of-fences where the proof is evident or the presumption great.”
At this point in the proceedings, the only evidence of the State is circumstantial, and as such it is necessary to be more than a suspicion. It must exclude every other hypotheses except that of guilt [Mayo v. State, 71 So.2d 899 (Fla.1954)]. The Supreme Court of Florida has held in Russell v. State, 71 Fla. 236, 71 So. 27 (Fla.1916), that the evidence must be stronger than beyond a reasonable doubt to prevent bail being afforded pursuant to Section 9, Declaration of Rights.
We have reviewed the evidence as reported in the record before us, and come to the conclusion that the evidence does not stand the test of proof of guilt as being •evident or the presumption great. There is no evidence before us of premeditation which is essential to a conviction of first degree murder. For the reasons stated, the order appealed is reversed insofar as bond is denied to the defendant and said cause is remanded to the circuit court to grant the defendant reasonable bail, pending further proceedings in said cause.
Reversed and remanded with directions.
RAWLS, C J., and CARROLL, DONALD K., J., concur.