SMITH, Judge.
Petitioners are charged with the life felony of committing a sexual battery by penile-vaginal penetration of a woman aged 25, without her consent, and in the process using or threatening to use a deadly weapon or using actual physical force likely to cause serious personal injury. Sec. 794.-011(3), Florida Statutes (1977). The circuit court denied petitioners release on reasonable bail on the ground that the proof of guilt is evident or the presumption great. Petitioners went forward with the evidence before the trial court and adduced the testimony of all likely witnesses. No weapon was involved. The complaining witness testified:
Q. You said that your arm was behind you?
A. Oh, yes. All of the time. And I said, “Oh, my God.” And Derrick [Smith] had his arms, you know, around my head. And this arm was behind me all of the time. And I said, “Oh, my God, please don’t hurt me.”
Q. Were they holding your arm behind you?
A. Yes, they was.
Q. What is wrong with your arm, Audrey?
A. I had a stroke when I was in the ninth grade.
Q. Did they hurt you?
A. Yes, they really did. They bruised me and, you know, I saw a welt when I was — let me see, that night Mama said, — I took a bath and I saw a welt, you know, on me, I couldn’t bear it.
The officer who witnessed and interrupted the assault by the third of three men testified that the victim’s “crying and begging him to stop” could be heard throughout the house over music which was “playing real loud.”
Force likely to produce “serious personal injury” is defined by Section 794.-011(1)(e) as force likely to cause “great bodily harm or pain, permanent disability, or permanent disfigurement.” In their application for bail on this alleged life felony, the burden was on petitioners to show from the evidence that the proof is not evident or the presumption great. “If [the evidence] establishes no more than a probability of guilt bail should be granted.” Larkin v. State, 51 So.2d 185 (Fla.1951).
There is no evidence of the use of force likely to cause permanent disability or disfigurement. The question is whether there was evident proof of force likely to cause great bodily injury or great pain. A welt is not great bodily injury, and there is no evidence of force having a likelihood to cause great bodily injury. There was evident proof of great pain — proof given by the woman and corroborated by the officer. Given the triple assault, the victim’s physical impairment, and the wrenching of her lame arm, there was evident proof of great bodily pain. The measure of proof required by State ex rel. Hyde v. Thursby, 184 So.2d 505 (Fla. 1st DCA 1966) was satisfied.
The petition is DENIED.
McCORD, C. J., and ERVIN, J., concur.