477 So.2d 1013 (1985)
Peter E. MININNI, Petitioner,
v.
Jim GILLUM, Sheriff, Pasco County, Florida, Respondent.
No. 85-1533.
District Court of Appeal of Florida, Second District.
July 29, 1985.
*1014 A.R. Mander, III, of Greenfelder & Mander, P.A., Dade City, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Petitioner Peter Mininni was arrested June 2, 1985, and charged with the murder of one Robert Sharkey. On the date in question Mininni was managing the "Thirteenth Hour Club" in Port Richey. Sharkey, a customer, was involved in what the arresting officer styled a "confrontation" with club employees, and eventually was escorted outside the building. When these employees were unsuccessful in their efforts to subdue Sharkey, Mininni produced a pistol from a desk drawer and returned outside. Sharkey confronted Mininni and persisted in his aggressive behavior even after Mininni fired two warning shots. Mininni then fatally shot Sharkey. He admitted the shooting to the arresting officers and does not now contest the fact that he shot Sharkey.
Mininni was arrested for first degree murder and held without bond. At his first appearance hearing the presiding judge found insufficient probable cause for that offense and set a bond in the amount of $50,000. An "amended" affidavit of probable cause, which to us appears essentially indistinguishable from the initial affidavit, was filed June 3, whereupon the circuit court, without a hearing, ordered Mininni held without bond. However, upon motion by Mininni's counsel, the circuit court later entertained a motion to set bond. No testimony was adduced at this hearing; defense counsel made various factual representations, including an alleged propensity for violence on the part of Sharkey, while the state maintained that Mininni's actions constituted "more than just mere crowd control." The state did not oppose the setting of bond but only objected to the amount suggested by Mininni. Neither here nor at the subsequent hearing was it suggested that the pretrial detention provisions of section 907.041(4), Florida Statutes (1983), were applicable to Mininni. The circuit court set bond at $100,000.
A grand jury indicted Mininni for first degree murder June 20. The state thereupon sought to have the bond revoked. The trial court agreed, and Mininni filed his petition for writ of habeas corpus in this court. After examining Mininni's petition and the state's response, we agree that the circuit court erred in revoking Mininni's bond, and we grant the petition.
Initially, Mininni challenges the circuit court's apparent reliance upon hearsay evidence, in the form of affidavits, in determining that proof of Mininni's guilt was sufficient to allow his detention without bond. It is true that courts have in the past held that hearsay alone cannot satisfy such proof requirements. See, e.g., Primm v. State, 293 So.2d 725 (Fla. 2d DCA 1974). However, we are of the opinion that any such pronouncements effectively were overruled by the supreme court in State v. Arthur, 390 So.2d 717, 720 (Fla. 1980), which included affidavits within the types of evidence that the state may use to carry its burden. We note that other district courts have drawn this same conclusion. See, e.g., Kinson v. Carson, 409 So.2d 1212 (Fla. 1st DCA 1982).
*1015 Nevertheless, having examined the affidavits relied upon by the trial court, we conclude that proof of Mininni's guilt of first degree murder is neither "evident" nor "great" as those terms are employed in the context of bond in capital cases. The degree of proof necessary before bail may be denied in such cases was set forth by the supreme court in Russell v. State, 71 Fla. 236, 71 So. 27 (1916), and State ex rel. Van Eeghen v. Williams, 87 So.2d 45 (Fla. 1956). Specifically, the court held that the state is actually held to an even greater degree of proof than that required to establish guilt beyond a reasonable doubt. See also State ex rel. Hyde v. Thursby, 184 So.2d 505 (Fla. 1st DCA 1966).
We recognize that, at this point, all parties are relying upon representations that may not be borne out once all the evidence has been presented at a full hearing on the merits. It may well be that a jury could legitimately conclude that Mininni acted without justification and is, in fact, guilty as charged. On the other hand, the facts as presented to the circuit court are also susceptible of interpretations ranging from a lesser degree of murder down to excusable homicide. We simply cannot conclude that the state met the substantial burden of proof required by Russell et al. We therefore grant the petition for writ of habeas corpus and remand this matter to the circuit court with directions to release the petitioner upon his posting a reasonable bond to be set by the court.
GRIMES, A.C.J., and SCHOONOVER and FRANK, JJ., concur.