605 So.2d 94 (1992)
The STATE of Florida, Petitioner,
v.
Carl Douglas PERRY, Respondent.
No. 92-1454.
District Court of Appeal of Florida, Third District.
August 4, 1992.
Rehearing Denied September 15, 1992.
*95 Robert A. Butterworth, Atty. Gen., and Janet Reno, State Atty., and Paul Mendelson, Asst. State Atty., for petitioner.
Charles G. White, Miami, for respondent.
Before HUBBART, NESBITT and GODERICH, JJ.
HUBBART, Judge.
The state has filed an original petition for a writ of certiorari seeking review of a trial court order which sets a $250,000 bail bond for a defendant who is charged with two counts of first-degree murder. The trial court concluded that the defendant was entitled to pretrial bail as a matter of right because the proof of guilt was not evident and the presumption of guilt was not great. We have jurisdiction to entertain this petition. Art. V, § 4(b)(3), Fla. Const.; see State v. Pettis, 520 So.2d 250 (Fla. 1988); State v. Ajim, 565 So.2d 712 (Fla. 4th DCA 1990).

I
On May 27, 1992, the respondent Carl Douglas Perry was released on his own recognizance by United States District Court Judge Norman C. Roettger, Jr. after the jury was unable to reach a verdict in a federal RICO prosecution involving fifteen defendants. Before the respondent could be released from custody, however, he was arrested on two state charges of first-degree murder stemming, in part, from the RICO prosecution. Subsequently, on June 17, 1992, the Dade County Grand Jury indicted the respondent on two counts of *96 first-degree murder allegedly occurring on October 30, 1986, both of which are capital offenses. § 782.04(1)(a), Fla. Stat. (1985). The respondent applied for bail on this indictment before the circuit court below, and a bail hearing was thereafter conducted. At this hearing, the state introduced (1) various case reports and affidavits, and (2) the testimony of the lead police detective in the case who summarized the state's evidence as stated in the reports, affidavits, and other testimony.
The bail hearing evidence revealed that the state's case against the respondent is based almost entirely on the testimony of an alleged accomplice who, as part of a plea bargain, turned state's evidence in exchange for a plea of guilty to four second-degree murder charges and the imposition of a twenty-two-year sentence; there is no physical evidence linking the respondent to the charged murders. The alleged accomplice's testimony, however, is contradicted by (a) the statements of other witnesses which tend to show that the accomplice alone committed the murders in question, and (b) other statements made by the alleged accomplice to the police as to the material events of the double homicide. Because this impeachment evidence was not adequately refuted by independent corroborating proofs, the trial court concluded that the proof of guilt was not evident and the presumption of guilt was not great, and thereafter set a bail for the respondent on these charges in the amount of $250,000. The state's petition for a writ of certiorari follows.

II
The law in Florida is well settled that "every person charged with a crime ... shall be entitled to pretrial release on reasonable conditions," Art. I, § 14, Fla. Const., subject to two exceptions. The first exception, not relevant here, is the pretrial detention exception: "[i]f no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained." Art. I, § 14, Fla. Const.; see also § 907.041, Fla. Stat. (1991). The second exception, relied on by the state herein, is the capital or life offense exception: pretrial release may be denied to an accused who is "charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great... ." Art. I, § 14, Fla. Const.
In State v. Arthur, 390 So.2d 717 (Fla. 1980), the Florida Supreme Court held that "before release on bail pending trial can ever be denied [to an accused charged with a capital offense or an offense punishable by life imprisonment], the state must come forward with a showing that the proof of guilt is evident or the presumption is great." Id. at 720 (footnote omitted). This holding directly answered a question certified to the Court by the Fourth District: "[d]oes the accused or the state, in a capital case or a case involving life imprisonment where the accused is seeking to be admitted to bail, have the burden of proof on the issue of whether the proof of guilt is evident and the presumption great." Id. at 717. The Court, however, went beyond answering this question and, in dicta, opined that "[t]he state's burden, in order to foreclose bail as a matter of right, is to present some further evidence which, viewed in a light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty." Id. at 720.
We do not view this latter pronouncement as overruling a long line of Florida Supreme Court decisions, not discussed or even involved in Arthur, which have consistently held that (1) "the degree of proof sufficient to deny an accused the right to bail in a capital [or life offense] case under our Constitution, to wit, proof that guilt is evident or the presumption of guilt is great is actually a greater degree of proof than that which is required to establish guilt merely to the exclusion of a reasonable doubt," State ex rel. Van Eeghen v. Williams, 87 So.2d 45, 46 (Fla. 1956) (following Russell v. State, 71 Fla. 236, 71 So. 27 (1916) and its progeny); and (2) where the state's evidence, although not insufficient *97 to convict for a capital or life offense, is arguably impeached in substantial respects by other evidence or is rendered doubtful by substantial contradictions and discrepancies in the state's case, the proof is not stronger than beyond a reasonable doubt and, accordingly, the accused is entitled to pretrial bail as a matter of right for such offense. Russell v. State, 71 Fla. 236, 71 So. 27 (1916). Indeed, the state expressly agreed with the trial court's correct statement of the law at the bail hearing below that "proof evident, presumption great must be stronger than beyond a reasonable doubt" (T. 42-43, June 23, 1992 hearing).
In Russell, the circuit court, upon an application for habeas corpus, denied pretrial bail for a defendant charged with the capital offense of rape. On appeal, the Florida Supreme Court reversed and ordered the defendant admitted to reasonable bail upon a holding that the proof of guilt was not evident and the presumption of guilt was not great. The Court articulated the degree of proof required before pretrial bail can be denied in a capital case.
"The question is not whether the evidence adduced on an application for bail is sufficient to establish guilt beyond a reasonable doubt, but whether the evidence is sufficient to establish that degree of proof where the judge to whom the application is made may say that guilt is evident or the presumption is great, which is a greater degree of proof than that establishing guilt merely to the exclusion of a reasonable doubt.

The word `Evident' is defined by Webster as `clear to the understanding and satisfactory to the judgment.' Synonyms: `Manifest, plain, clear, obvious, conclusive.' The word `Manifest' is defined as follows: `to put beyond question of doubt.' In a trial this degree of proof is not required, for it not infrequently happens that upon a conviction the court will refuse to grant a new trial because there is evidence to support the verdict although to his mind guilt may not have been established to the point of being manifest, obvious, beyond a question of doubt, yet it is to the court to whom application for bail is made, and his judgment is invoked as to the degree of proof established by the evidence, and not what a petit jury not yet empanelled may possibly decide as to the probative force of the evidence."
... .
It was said in the case of Thrasher v. State, 26 Fla. 526, 7 South.Rep. 847, that it was a safe rule `to refuse bail in all cases where a judge would sustain a capital conviction if pronounced by a jury on such evidence of guilt as is exhibited on the hearing for bail; and where the evidence is of less efficacy to admit to bail.' As to the latter part of the court's language there can be no question as to its correctness, because if there is no evidence whatever of the defendant's guilt, of course he should be admitted to bail; but it does not follow that because a court admits the applicant to bail it thereby decides that upon the evidence presented a jury should not convict the defendant of a capital offense, and if convicted the verdict would not be permitted to stand. As pointed out the evidence may be sufficient to satisfy a jury beyond a reasonable doubt, there may be sufficient evidence to support such a verdict so that the trial judge would refuse to set it aside, although to his mind the evidence did not establish such degree of proof as that he could say guilt was evident, clear, conclusive beyond question of doubt. It was not intended to substitute the judgment of the court for that of the jury, and to use an order admitting the defendant to bail as an adjudication of his innocence."
Id. at 71 Fla. 240-41, 242-43, 71 So. 28-29 (emphasis added).
The Court applied this standard to the case before it as follows:
"The only witness for the State whose name appears upon the back of the indictment in this case was that of the prosecutrix, Pearl Stearns, and her testimony carries with it its own contradictions and discrepancies, and while this court does not undertake to say in this *98 proceeding that the evidence would not sustain a conviction of guilt, we think that the plaintiff in error met the burden of showing that the proof was not evident and the presumption was not great of the capital offense charged."
Id. at 71 Fla. 244, 71 So. 29.
In Van Eeghen, the circuit court, upon an application for habeas corpus, denied pretrial bail for a defendant charged with the capital offense of first-degree murder. On appeal, the Florida Supreme Court reversed and ordered that the defendant be admitted to pretrial bail. The Court first articulated the degree of proof required before pretrial bail may be denied in a capital case:
"We have consistently followed the constitutional prescription which permits the denial of bail in capital offenses only where the proof is evident or the presumption great. It is not sufficient to justify a denial of bail in such cases that the evidence establish merely a probability of guilt. See Ex parte Nathan, Fla., 50 So. 38.
In Russell v. State, 71 Fla. 236, 71 So. 27, this Court held that the degree of proof sufficient to deny an accused the right to bail in a capital case under our Constitution, to-wit, proof that guilt is evident or the presumption of guilt is great is actually a greater degree of proof than that which is required to establish guilt merely to the exclusion of a reasonable doubt. See State ex rel. Freeman v. Kelly, Fla. 1956, 86 So.2d 166; State ex rel. Hernandez v. Culbreath, 152 Fla. 356, 11 So.2d 569; State ex rel. Connor v. Sullivan, 160 Fla. 844, 36 So.2d 828."
87 So.2d at 46. (emphasis added).
The Court then applied this standard to the case before it as follows:
"We pretermit any discussion of the details of the evidence in the case before us for the reason that we do not desire to indicate in any fashion this Court's opinion on the weight or the sufficiency of the evidence at a subsequent trial. It is sufficient to hold, and we do hold, that the evidence in this record is not adequate to justify the denial of bail within the framework of the requirements of our Constitution. In other words, the evidence presented to the trial judge fails to supply proof that guilt is evident or the presumption thereof great."
Id.
In a post-Arthur case, the Second District in Mininni v. Gillum, 477 So.2d 1013 (Fla. 2d DCA 1985), applied the above-stated standards of the Russell and Van Eeghen decisions and admitted the defendant to pretrial bail upon an original application for habeas corpus in a capital first-degree murder case, holding that the proof of guilt was not evident and and the presumption of guilt was not great. The Court articulated the appropriate standard of proof required to deny bail as a matter of right in a capital case and held that this standard had not been met in the case before it:
"Nevertheless, having examined the affidavits relied upon by the trial court, we conclude that proof of Mininni's guilt of first degree murder is neither `evident' nor `great' as those terms are employed in the context of bond in capital cases. The degree of proof necessary before bail may be denied in such cases was set forth by the supreme court in Russell v. State, 71 Fla. 236, 71 So. 27 (1916), and State ex rel. Van Eeghen v. Williams, 87 So.2d 45 (Fla. 1956). Specifically, the court held that the state is actually held to an even greater degree of proof than that required to establish guilt beyond a reasonable doubt. See also State ex rel. Hyde v. Thursby, 184 So.2d 505 (Fla. 1st DCA 1966).
We recognize that, at this point, all parties are relying upon representations that may not be borne out once all the evidence has been presented at a full hearing on the merits. It may well be that a jury could legitimately conclude that Mininni acted without justification and is, in fact, guilty as charged. On the other hand, the facts as presented to the circuit court are also susceptible of interpretations ranging from a lesser degree of murder down to excusable homicide. We simply cannot conclude *99 that the state met the substantial burden of proof required by Russell et al. We therefore grant the petition for writ of habeas corpus and remand this matter to the circuit court with directions to release the petitioner upon his posting a reasonable bond to be set by the court."
477 So.2d at 1015 (emphasis added).
The dicta in Arthur is not discussed in the court's opinion, but plainly the court considered it inapposite in determining the degree of proof necessary to deny bail as a matter of right in a capital case. We agree with this implicit conclusion.

III
Based on these principles of law, it is clear that the trial court did not, as urged, depart from essential requirements of law in concluding, based on the evidence adduced below, that the proof of guilt was not evident and the presumption of guilt was not great  and in thereafter admitting the respondent to $250,000 pretrial bail on the two capital offenses herein. Although perhaps the state's evidence may have been sufficient to withstand a motion for judgment of acquittal at trial based solely on the testimony of the alleged accomplice, it is also clear that the impeachment evidence adduced below (1) contradicted the alleged accomplice's testimony by tending to show that the alleged accomplice alone committed the charged double homicide, and (2) contradicted the alleged accomplice's version of the double homicide on material matters. The trial court was entitled to conclude that this impeachment evidence was substantial in nature and was not refuted by corroborating evidence of guilt; this being so, the trial court properly concluded that the state had failed to establish that the proof of guilt was evident or the presumption of guilt great. Van Eeghen; Russell; Mininni. Indeed, the state's case was so weak, in view of this impeachment evidence, that Judge Roettger released the respondent on his own recognizance after the jury was unable to reach a verdict in the related federal RICO prosecution.
The state, in effect, argues that only if the evidence adduced at the bail hearing is legally insufficient to sustain a jury verdict of guilty of first-degree murder at trial, can the trial court find that the proof of guilt is not evident and the presumption of guilt is not great and set bail as a matter of right in a capital or life offense case. If this were the law, however, the defendant would be entitled, upon a sworn motion based on the same evidence, to a complete dismissal of the charges against him under rule 3.190(c)(4) of the Florida Rules of Criminal Procedure on the ground that "the undisputed facts do not establish a prima facie case of guilt against the defendant," Fla.R.Crim.P. 3.190(c)(4); obviously, this cannot be the appropriate standard because pretrial bail would be moot if the criminal charges were dismissed. As stated in Russell, "it does not follow that because a court admits the applicant to bail [as a matter of right in a capital case], it thereby decides that upon the evidence presented a jury should not convict the defendant of a capital offense, and if convicted the verdict would not be permitted to stand"; 71 Fla. at 243, 71 So. at 29; nor does it follow that upon the same evidence, the trial court would be obliged upon proper motion to dismiss the charges against the defendant under rule 3.190(c)(4). To the contrary, where, as here, the state's evidence is arguably sufficient to convict, but is also contradicted in material respects so that substantial factual questions are presented as to guilt or innocence of the accused, the trial court does not depart from essential requirements of law in finding that the proof of guilt is not evident and the presumption of guilt is not great  and in admitting the accused to reasonable bail as a matter of right in a capital case.
For the above-stated reasons, the state's petition for a writ of certiorari is hereby
Denied.