PER CURIAM.
We grant the petition for writ of habeas corpus.
In denying petitioner’s motion to set bond, the trial court was expressly unwilling to accept the standard recited in Elderbroom v. Knowles, 621 So.2d 518 (Fla. 4th DCA 1993), holding the state to a burden of proof greater than that required to establish guilt beyond a reasonable doubt, in demonstrating that the proof of petitioner’s guilt was evident or the presumption great. See Art. I, § 14, Fla. Const.; Fla. R.Crim. P. 3.131(a). The state does not attempt to explain how the trial court was correct in refusing to apply that standard.
The third district in State v. Perry, 605 So.2d 94 (Fla. 3d DCA), rev. denied, 613 So.2d 9 (Fla.1992), which this court cited in Elderbroom, 621 So.2d at 520, explained the burden as follows:
[WJhere the state’s evidence, although not insufficient to convict for a capital or life offense, is arguably impeached in substantial respects by other evidence or is rendered doubtful by substantial contradictions and discrepancies in the state’s case, the proof is not stronger than beyond a reasonable doubt and, accordingly, the accused is entitled to pretrial bail as a matter of right for such offense. Russell v. State, 71 Fla. 236, 71 So. 27 (1916).
Perry, 605 So.2d at 96-97.
Petitioner presented evidence at the bond hearing which substantially contradicted the state’s case. Therefore, the trial court is directed on remand to release petitioner on such bond and on such conditions as the trial court may determine.
GLICKSTEIN, POLEN and FARMER, JJ., concur.