PER CURIAM.
Elton Young filed a petition for writ of habeas corpus challenging the trial court’s denial of his motion for release on bond in his prosecution for robbery with a firearm.
Petitioner is charged with an offense for which there is no automatic right to release on bond if the state established that the proof of his guilt was evident or the presumption great.[1] See Art. 1, Section 14, Fla. Const.; Fla.R.Crim.P. 3.131(a); State v. Arthur, 390 So.2d 717 (Fla.1980). Here, the state has failed to make the requisite showing, based on the probable cause affidavit alone, that the proof was evident or the presumption of guilt great as to robbery with a firearm. See also State ex rel. Van Eeghen v. Williams, 87 So.2d 45 (Fla.1956); Kirkland v. Fortune, 661 So.2d 395 (Fla. 1st DCA 1995); State v. Perry, 605 So.2d 94, 97 (Fla. 3d DCA), rev. denied, 613 So.2d 9 (Fla.1992).
We grant this petition for writ of habeas corpus and remand to the trial court with direction that the court consider pretrial release under rule 3.131, Florida Rule of Criminal Procedure, or, upon proper motion by the state, pretrial detention under rule 3.132, Florida Rule of Criminal Procedure and Section 907.041, Florida Statutes (1999).
PETITION GRANTED; CAUSE REMANDED.
WARNER, C.J., DELL and TAYLOR, JJ., concur.

. Petitioner was originally charged with felony murder, but the state filed an amended information charging robbery with a firearm.