621 So.2d 518 (1993)
Francis ELDERBROOM, Petitioner,
v.
Robert C. KNOWLES, Sheriff, St. Lucie County, Florida, Respondent.
No. 93-1386.
District Court of Appeal of Florida, Fourth District.
July 7, 1993.
*519 Mark Orr, Fort Pierce, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner Francis Elderbroom filed a petition for writ of habeas corpus in which he sought pretrial release on bail in a prosecution for aggravated kidnapping with a firearm and sexual battery with a firearm. After three evidentiary bail hearings, the trial court denied his motion to set bond, based on findings that the proof of guilt was evident and the presumption great. This court issued an order to show cause, and after consideration of the response and reply, we granted the petition by orders dated May 21, 1993, and May 28, 1993. Petitioner was remanded to the trial court for an immediate hearing on the conditions of pretrial release. In that order, we provided that an opinion will follow.
*520 After hearing the evidence presented for pretrial release, the trial judge conceded that he found this case to be one of the most troubling to him in all of his years on the criminal bench. He said that was because there was evidence presented to support the defense as well as the state's case. Nonetheless, he found that the state had presented sufficient evidence to demonstrate that the proof of guilt was evident and the presumption great, and he denied pretrial release on bail.
We agree with the judge's characterization of the case as troubling, and that there was evidence presented by both sides. Petitioner presented alibi defense evidence that he could not have committed the offenses because he was seen at an auto repair shop on the same morning which was so far away that he could not have left from the crime scene to be there at the time assigned by witnesses. He also challenged the victim's description of her assailant and the color of the van he drove as not matching him or his vehicle, and he presented evidence that the victim knew him as her mother's boyfriend who had disciplined her in a fatherly role, suggesting her resentment and motive to falsely accuse him.
The state's evidence was at least equal in weight, if not greater. It included evidence that petitioner was found out of state on a tip that he was trying to dispose of his van, and that a search of his van revealed cigars and certain candies which were also found at the scene of the crime. Similar items were found in the trash can of the motel room where petitioner was staying. Also, a pair of gloves found inside the van was discovered, and it matched a general description of them by the victim. In addition, a detective testified that petitioner may have been able to have committed the offense at the time described and still reached the auto repair shop approximately 123 miles away within the time identified. Petitioner, however, had presented evidence of a private investigator stating that he could not have reached the requisite speed for such a journey within the allotted time in his van.
In denying pretrial release on bail, the trial court decided that as long as there was evidence to support a finding that the proof of guilt is evident and the presumption great, the defendant was not entitled to release, notwithstanding his recognition of substantial defense evidence presented. Reading the court's comments in the context of the hearings transcribed, we believe that the trial court erred in denying any conditions of pretrial release in this case.
We begin with the principle that persons charged with crimes in Florida are entitled to pretrial release on reasonable conditions, unless no conditions of release can reasonably protect the community from harm, assure the presence of the accused at trial, assure the integrity of the judicial process, or unless the accused is charged with a capital or life offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great. Art. I, § 14, Fla. Const.; § 907.041, Fla. Stat. (1991). Petitioner's offenses fall within the latter category of exceptions to the general right to pretrial release, such that the trial court is charged with determining whether the proof of guilt is evident or the presumption great.
Next, we acknowledge that the burden of proof of this standard falls on the state. Indeed, the state is held to a degree of proof greater than that required to establish guilt beyond a reasonable doubt. Furthermore, where the state's evidence is arguably sufficient to convict, but is contradicted in material respects such that substantial questions of fact are raised as to the guilt or innocence of a defendant, then a trial court may properly find that the proof of guilt is not evident or the presumption of guilt is not great. In a case where the third district so characterized the evidence, it denied the state's petition for writ of certiorari and upheld a trial court order admitting an accused to reasonable bail. State v. Perry, 605 So.2d 94 (Fla. 3d DCA), rev. denied, 613 So.2d 9 (Fla. 1992). See also Mininni v. Gillum, 477 So.2d 1013 (Fla. 2d DCA 1985).
We find the same circumstances to exist here. The trial court erred in acknowledging *521 the weight of the evidence presented for both sides and yet concluding that the state met its burden of proof that the proof of guilt was evident or the presumption great. We therefore grant the petition for writ of habeas corpus and incorporate our earlier orders directing remand to the circuit court for release on bail in an amount to be set by the court, along with such other conditions as the trial court may deem appropriate. We presume that the trial court already has acted on our orders.
GUNTHER and POLEN, JJ., concur.
HERSEY, J., dissents without opinion.