PER CURIAM.
Having carefully reviewed the entire record, we conclude that the trial court abused its discretion when it refused temporarily to suspend appellant’s child support obligation. See, e.g., Manning v. Manning, 600 So.2d 1274 (Fla. 1st DCA 1992). The evidence is uncontradicted that appellant was terminated involuntarily, through no fault of his own, from a job which he had held for many years. Despite an exhaustive job search, appellant had been unable to find new employment m more than a year. His assets had been depleted, and his unemployment compensation benefits had expired. It is clear that, despite his best efforts, appellant was simply without funds — on which to live, or with which to pay child support.
We affirm the amended order entered on July 17, 1992, which reduced, but did not suspend, appellant’s child support obligation, because we conclude that the record contains evidence sufficient to support the trial court’s action at the time that order was entered. However, we reverse the order entered on November 5, 1992, which denied appellant’s request to suspend his child support obligation until he found employment, and adjudged appellant to be in contempt of court for nonpayment of child support. -We remand with directions that the trial court enter an order suspending appellant’s child support obligation effective as of August 10, 1992, and until such time as appellant finds employment or the trial court determines that appellant is no longer making a good-faith effort to do so; and denying appellee’s motion for contempt.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
SMITH, KAHN and WEBSTER, JJ., concur.