PER CURIAM.
Tadd D. Hoskins petitions for writ of habeas corpus challenging the trial court’s order denying his petition to set bond, in his prosecution for an offense as to which there is no right to bail if the state establishes that the proof of his guilt was evident or the presumption great. See Art. I, § 14, Fla. Const.; Fla.R.Crim.P. 3.131(a).
In establishing such proof, the state is held to a burden of proof greater than that required to establish guilt beyond a reasonable doubt. See Elderbroom v. Knowles, 621 So.2d 518 (Fla. 4th DCA 1993). If the state’s evidence, though sufficient to convict, “is arguably impeached in substantial respects by other evidence or is rendered doubtful by substantial contradictions and discrepancies in the state’s case,” State v. Perry, 605 So.2d 94, 97 (Fla. 3d DCA), rev. denied, 613 So.2d 9 (Fla.1992), that standard has not been met and the defendant is entitled to pretrial release as a matter of right.
In the instant case, the state’s evidence was that the offense occurred repeatedly within a specific month-ldng period, during which a defense witness testified that Petitioner had no contact with the victim; that it occurred in a new house, which another *513 defense witness testified was not ready for occupancy and was not occupied until several months later; and that it did not come to light until Petitioner’s ex-wife, who is now seeking sole rather than joint custody of their children on the basis of the victim’s allegations, advised the victim to tell those allegations to her father, precipitating the instant prosecution.
As Petitioner’s evidence substantially contradicted and impeached the state’s case, we conclude that the trial court erred in finding that the presumption of his guilt was great. Accordingly, we grant the writ, and direct the trial court to release Petitioner on such bond and on such conditions as it may determine.
POLEN and SHAHOOD, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.