972 So.2d 305 (2008)
Jonathan GALLO, Petitioner,
v.
Al LAMBERTI, Sheriff of Broward County, Respondent.
No. 4D07-4171.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
Charles D. Barnard of Charles D. Barnard, P.A., Wilton Manors, for petitioner.
No appearance required for respondent.
WARNER, J.
We deny the petition for writ of habeas corpus in which petitioner claims that he is entitled to pretrial release. Although he claims that the proof of the second-degree murder charge against him was neither evident nor was the presumption of guilt great, as required by article I, section 14 of the Florida Constitution, see State v. Arthur, 390 So.2d 717 (Fla.1980), we conclude that the trial court did not abuse its discretion in determining that the state met its burden of proof under the constitution and deny the issuance of the writ.
According to the probable cause affidavit, the body of a female victim was discovered near a school in Hollywood. Police received a tip that petitioner Jonathan Gallo had admitted to his fiancée, Shannon Traina, that he did "something terrible." The detective met with Traina who gave a taped statement that, late one night Gallo came home from Hollywood with blood all over him, saying he did something "very bad" to someone. Gallo told Traina that the victim was a man and that he had left on his own accord. Gallo took his bloody clothes, some twine and tape that also contained blood, and put them all in the washing machine. The two then went to Wal-Mart to get cleaning supplies, including bleach, which Gallo put on the seat of his truck to remove the various blood stains. Gallo also threw away a small handgun in the Wal-Mart trash bin.
The detective eventually met up with Gallo and questioned him. Gallo admitted to being in Hollywood and picking up an *306 unknown woman in his truck. He took the woman down to the intracoastal and then "stated he told the female that he didn't have any money and she became irate and began to punch and scratch him on his face." According to Gallo's statement, he reached into the center console of his truck and pulled out a gun and began to strike her in the head with its butt. He then drove to a school, removed the woman from the his truck, and allegedly performed CPR.
In the investigative report, the detectives also interviewed a witness who saw Gallo's vehicle the night before the murder in the exact spot where the victim's body was dumped.
The victim was found lying on the dirt with her shirt and bra pulled up revealing her breasts and her pants pulled down exposing her buttocks. The incident report also noted that "around the decedent's right wrist there was a piece of twine, approximately five feet in length, tied in a loop." The cause of death was "blunt force trauma causing blood loss from multiple lacerations to the scalp." The medical examiner also noted a bite mark on the victim's breast.
After being in jail for nearly eight months, Gallo's attorney moved to set bail, claiming the evidence would not support a conviction for second-degree murder, but could support manslaughter, based on the claim that the victim first committed an unlawful act, battery. Because Gallo was supposedly resisting the battery, the killing was manslaughter and thus there was a presumption for bail.
The court reviewed the probable cause affidavits and investigative reports as well as multiple photographs of the victim. Traina also testified that Gallo appeared to have a few scratch marks on his face when she saw him after the incident. In addition to the investigation records, Gallo's attorney provided records that the victim had been arrested on prostitution charges in the past and had been released the evening of her murder from the Hollywood Memorial Hospital from a Marchman Act confinement for alcoholism or drug use. He also noted that the victim had a history of several violent acts. Based upon all of the evidence the court determined that the proof was evident and the presumption of Gallo's guilt was great. Therefore, it denied pretrial release.
State v. Arthur, 390 So.2d 717 (Fla. 1980), sets forth the state's burden to satisfy the constitutional requirement when seeking to deny bail to a defendant:
The state's burden, in order to foreclose bail as a matter of right, is to present some further evidence which, viewed in the light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty. . . . The state can probably carry this burden by presenting the evidence relied upon by the grand jury or the state attorney in charging the crime. This evidence may be presented in the form of transcripts or affidavits. If, after considering the defendant's responsive showing, the court finds that the proof is evident or the presumption great, the court then has the discretion to grant or deny bail.
Id. at 720 (emphasis supplied). We discussed this burden of proof in Elderbroom v. Knowles, 621 So.2d 518 (Fla. 4th DCA 1993). We noted that "where the state's evidence is arguably sufficient to convict, but is contradicted in material respects such that substantial questions of fact are raised as to guilt or innocence of the defendant, then a trial court may properly find that the proof of guilt is not evident or the presumption of guilt is not great." Id. at 520 (emphasis supplied).
The question in this case is whether Gallo's statement that he struck the victim after she first attacked him raises substantial questions of fact as to his guilt *307 of second-degree murder. That crime is defined as "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual. . . ." § 782.04(2), Fla. Stat.
The state's evidence showed the brutal killing of the victim with probable sexual overtones. She was partially disrobed with twine around her wrist. She died from a savage beating with a blunt instrument. Gallo explained that she attacked him first. However, even if she scratched his face, we think that the state's evidence shows that the force he used against her was clearly excessive and could not support a claim of self-defense. Nor could it support only a lesser degree of murder. The state provided sufficient proof of second-degree murder. Moreover, Gallo's statement does not explain the victim's partially undressed state, the bite mark on her breast, or the twine around her hand, which appears similar to blood soaked twine that he washed with his own clothes. These are all highly incriminating and tend to impeach his version of events.
Therefore, Gallo's statement does not raise substantial questions of fact which would reduce his guilt, although with further discovery and proof, facts may exist which ultimately are more favorable to him. The trial court, however, found that the state had sustained its burden, and we find that it did not abuse its discretion in this regard.
Petition denied.
SHAHOOD, C.J., and FARMER, J., concur.