979 So.2d 1167 (2008)
David STALLINGS, Petitioner,
v.
Timothy RYAN, Director Miami-Dade County, etc., Respondent.
No. 3D08-734.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Fleischman & Fleischman, and Sidney Z. Fleischman; Walter Reynoso, and Luis Reynoso, for petitioner.
Bill McCollum, Attorney General, for respondent.
Before RAMIREZ, and SALTER, JJ., and SCHWARTZ, Senior Judge.
*1168 PER CURIAM.
David Stallings petitions this Court a second time for a writ of habeas corpus seeking his release from secure detention. Due to time sensitivities and because we agreed that habeas relief was appropriate, we earlier issued the writ and remanded the case to the trial court for the court to set a reasonable bond.
Petitioner is charged in two cases. In the first case, Petitioner is charged with twenty-two counts of sexual battery on a victim under the age of twelve and twenty-one counts of sexual battery/engaging in sex act with a family child under the age of one. In the second case, Petitioner is charged with thirty counts of sexual battery on a victim under age twelve and twenty-nine counts of sexual battery/engaging in sex act with a family child under the age of one. All acts are alleged to have occurred between 1974 and 1985. All alleged victims are now adults.
Petitioner filed a motion to set bond pursuant to State v. Arthur, 390 So.2d 717 (Fla. 1980). Petitioner argued that the evidence presented by the State failed to meet the standard of proof required by Arthur and that bond should be set. At the Arthur hearing, the State presented Detective Nye who testified as to her investigative work in this case, including her recent meeting with the alleged victims. In this meeting, sworn oral statements were taken from the alleged victims. These oral statements were not recorded or transcribed. Detective Nye testified that she reviewed a juvenile dependency file from 1985. Nye reviewed twenty-plus-year-old psychological reports in that file which she testified contained admissions of sexual abuse by Petitioner of the victims. The admissibility of these alleged admissions is very questionable as they were made in the context of Petitioner's compliance with his plea agreement. Nye also reviewed reports from a 1985 Miami-Dade criminal investigation conducted by Detective Pardon, where the same alleged victims disclosed that no sexual abuse had occurred.
On cross, Nye admitted that she never spoke with Detective Pardon, and confirmed that there were no recent reports or allegations of any sexual abuse towards anyone since those for which Petitioner was placed on probation in 1992. Nye further testified that Petitioner has resided in the Miami area for at least fifty years and is currently married. Additionally, Nye acknowledged that the only recent evidence against Petitioner were affidavits from the alleged victims taken twenty-three years after the alleged criminal conduct. Nye conceded she had no medical evidence corroborating the allegations.
Petitioner introduced sworn police reports of the criminal investigation conducted by Detective Pardon stating that the case was "exceptionally cleared" and that the State would not seek criminal prosecution on the charges. Petitioner also introduced a letter in which the alleged victims requested $400,000 in exchange for not pursuing a civil suit or criminal charges against Petitioner. In addition, Petitioner provided several witnesses who testified to the Petitioner's good character. A bondsman testified, stating that Petitioner owned a home valued between $264,000 and $300,000. Petitioner's probation officer also testified that since beginning his probation in 1992, Petitioner had no violations. At the close of the evidence and argument, the trial court ruled that the State had met its burden of proof and ordered that Petitioner continue to be held without bond.
Petitioner filed his first petition for writ of habeas corpus on March 26, 2008. Petitioner argued that because the State's evidence was both arguably impeached and *1169 rendered doubtful by substantial contradictions in the evidence, the State failed to meet its burden. Petitioner alleged that the trial court erred in finding that proof of guilt was evident and the presumption of guilt great.
After reviewing the State's response, this Court granted the petition and the trial court was ordered to set a reasonable bond by 5:00 p.m. on Friday, March 28, 2008. Pursuant to this Court's order, the trial court set total bond on both cases as follows: 1) house arrest with an ankle bracelet in conjunction with a stay away order from each of the alleged victims; and 2) monetary bond for both cases totaling $910,000.
Petitioner now has filed a second petition for writ of habeas corpus contending that the bond set by the trial court is unreasonable and excessive in light of this Court's order. We agree.
An accused is entitled to pretrial release unless charged with a capital, life felony, or an offense punishable by life imprisonment. However, on an application for bond, the trial court must find that the proof of guilt is evident or the presumption great. Elderbroom v. Knowles, 621 So.2d 518, 520 (Fla. 4th DCA 1993). The burden is on the State to meet this standard. Id. The State is held to a degree of proof greater than that required to establish guilt beyond a reasonable doubt. Id.
Further, where the State's evidence is sufficient to convict for a capital or life offense but is arguably impeached in substantial respects by other evidence or is replete with substantial contradictions and discrepancies, the proof does not meet the standard. State v. Perry, 605 So.2d 94, 97 (Fla. 3d DCA 1992). Accordingly, the accused in such a case would be entitled to pretrial bail as a matter of right for such offense. Id.
Here, the State's evidence was both arguably impeached and rendered doubtful by substantial contradictions in the evidence. This case is replete with contradictions, lacks any physical corroborating evidence, and seems to be in part motivated both by financial considerations and as a direct result of Petitioner's request to terminate probation. For these reasons, the State failed to meet the standard, proof to a degree greater than beyond a reasonable doubt. Elderbroom, 621 So.2d at 520.
Additionally, the law is well-settled that excessive bond, depending on the financial resources of the defendant, is tantamount to no bond at all. Camara v. State, 916 So.2d 946 (Fla. 3d DCA 2005); Brazil v. State, 755 So.2d 784 (Fla. 4th DCA 2000).
Based on Petitioner's financial circumstances, the bond set was clearly excessive and tantamount to no bond. Furthermore, in light of Petitioner's proven strong ties to the community, compliance with prior court orders, and ownership of residential property, which can be used as collateral for a reasonable bond, the present bond amount is unwarranted. Accordingly, we grant Petitioner's second petition for writ of habeas corpus and order the trial court to set a reasonable bond of no more than $100,000.