PER CURIAM.
Petitioner, Fritz Thermidor Jr., seeks a writ of habeas corpus directing the trial court to set reasonable bail on the charge against him of robbery with a firearm. We grant the writ.
Petitioner was arrested for robbery with a firearm, home invasion robbery with a weapon, aggravated assault with a deadly weapon without intent to kill, battery, criminal mischief, and tampering with a witness. Bond was granted on all counts except for the robbery with a firearm charge. Robbery with a firearm is a first-degree felony punishable by life imprisonment. See § 812.13(2)(a), Fla. Stat. (2013).
*97 Decisions regarding the setting of bail and conditions of a defendant’s pretrial release are reviewed under an abuse of discretion standard. Hernandez v. Roth, 890 So.2d 1173, 1174 (Fla. 3d DCA 2004). However, unless the defendant is charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, the defendant shall be entitled to pre-trial release on reasonable conditions. See Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131; State v. Arthur, 390 So.2d 717, 717 (Fla.1980). The State carries the burden of establishing that guilt is evident or the presumption is great. Seymour v. State, 132 So.3d 300, 303 (Fla. 4th DCA 2014) (holding that the State is held to a degree of proof greater than that required to establish guilt beyond a reasonable doubt).
- [3] According to testimony at the bond hearing, Petitioner entered the victim’s home demanding money for cleaning supplies. The victim had apparently given Petitioner money earlier that day for cleaning supplies but it was not enough to cover the cost. Petitioner had a gun and broke the victim’s locked bedroom door. In the bedroom, Petitioner emptied out the victim’s purse and knocked the victim’s cell phone from her hand. The victim recovered her cell phone, fled the room, and locked herself in the bathroom to call 911. Based on the record, it appears that Petition did not take any of the victim’s money or other property from the home.
Defense counsel argued that because there was no theft, there was no evidence that a robbery had taken place. The trial court apparently found that Petitioner deprived the victim of the phone when he slapped it from her hand and her purse when he rummaged through it. Accordingly, the trial court found that the proof of guilt was evident and the presumption was great that Petitioner had committed robbery with a firearm, and denied bond.
To prove the crime of robbery, the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) took the (money or property described in charge) from the person or custody of (person alleged).
2. Force, violence, assault, or putting in fear was used in the course of the taking.
3. The property taken was of some value.
4. The taking was with the intent to permanently or temporarily [deprive (victim) of [his][her] right to the property or any benefit from it] [appropriate the property of (victim) to [his][her] own use or to the use of any person not entitled to it].
Fla. Std. Jury Instr. (Crim.) 15.1 (Robbery).
Based on the evidence presented at the bond hearing, the State did not meet its burden of proving that guilt was evident or the presumption great that Petitioner committed robbery with a firearm. Significant questions exist as to whether there was a “taking” as required to prove robbery.[1] Therefore, we grant the petition and direct the trial court to set a reasonable bond on the robbery with a firearm charge.
*98 PETITION GRANTED; CAUSE REMANDED.
PALMER, EVANDER and COHEN, JJ., concur.

. Theoretically, the jury could find that the slapping of the cell phone from the victim’s hand or the rummaging through the victim’s purse technically constituted a taking under the theory that it temporarily deprived the victim of her property. However, the State’s burden to justify the denial of bond is greater than that required to prove the case beyond a reasonable doubt.