IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIE THOMAS,

    Petitioner,

 v.                                   Case No.  5D16-4451

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed January 11, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Corey Cohen, of Law Office of Corey I.
Cohen, P.A., Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Respondent.


PER CURIAM.

      Willie Thomas petitions our court for a writ of habeas corpus. The State charged

Thomas with attempted second-degree murder with a firearm, possession of a firearm by

a convicted felon, carrying a concealed firearm, and possession of cocaine. After two

separate hearings, the trial court denied Thomas's requests for bond. Thomas argues the

trial court erred by denying bond because the State never filed a motion for pretrial detention. We agree and grant the petition.

Florida Rule of Criminal Procedure 3.131(a) provides, "Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions." If the State does not move for pretrial detention, or if its motion is facially insufficient, "the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)." Fla. R. Crim. P. 3.132(a).

Here, none of the charged offenses are capital felonies or life felonies. Under these circumstances, if the State fails to move for pretrial detention, a trial court may not deny a defendant's motion for bond. See Jenkins v. State, 86 So. 3d 1273, 1274 (Fla. 5th DCA 2012); Kelly v. State, 939 So. 2d 1150, 1151 (Fla. 5th DCA 2006). Accordingly, we grant Thomas's petition and direct the trial court to conduct a pretrial release hearing pursuant to rule 3.131 no later than three business days following the issuance of this opinion. We note that our decision is without prejudice to the State's ability to file a motion for pretrial detention, if it so chooses. See Fla. R. Crim. P. 3.132(a) ("A motion for pretrial detention may be filed at any time prior to trial.").

PETITION GRANTED.

SAWAYA, ORFINGER and WALLIS, JJ., concur.