IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

ANTHONY RAY RHAGNANAN,

        Petitioner,

v.

STATE OF FLORIDA,

        Respondent.

Case No.  5D17-4043
LT No. 2017-CF-013151-A-0

_____/

Opinion filed December 27, 2017

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and
James Stevenson Fisher, Assistant
Public Defender, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wesley Heidt, Assistant
Attorney General, Daytona Beach, for
Appellee.

PER CURIAM.

       Anthony Ray Rhagnanan was arrested for attempted second-degree murder, possession of cannabis with intent to sell or deliver, and attempted possession of cannabis over twenty grams.  At first appearance, the presiding judge granted reasonable bond on the latter two charges but denied bond for the attempted second-degree murder.  Rhagnanan petitions for a writ of habeas corpus, arguing that his present pretrial

detention without bond is illegal. The State concedes error. We grant the writ and remand for an expedited hearing.

Unless a person is charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, the person is entitled to pretrial release on reasonable conditions. *See* Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131; *Thermidor v. State*, 146 So. 3d 95, 96 (Fla. 5th DCA 2014). Attempted second-degree murder is not a capital offense or an offense punishable by life imprisonment. It is a second-degree felony,[1] thus entitling Rhagnanan to a pretrial release on reasonable conditions, absent the court granting a proper motion from the State seeking pretrial detention. Florida Rule of Criminal Procedure 3.132(a) provides that the State may file with the judicial officer at first appearance a motion seeking pretrial detention, "setting forth with particularity the grounds and the essential facts on which pretrial detention is sought and certifying that the state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion." No such written motion was filed, and the State's oral motion made at first appearance is not sufficient under this rule. This rule further provides that if no motion is filed, the judicial officer may inquire whether the State intends to file a motion for pretrial detention, and if so, grant the State no more than three days to file the motion. "Upon a showing by the State of probable cause that the defendant committed the offense and exigent

---

[1] *See* §§ 782.04(2), 777.04(4)(c), Fla. Stat. (2017). However, under certain circumstances where a defendant is charged with attempted second-degree murder with a firearm and is alleged to have discharged the firearm, resulting in great bodily harm to the victim, the defendant may face up to life imprisonment. § 775.087(2)(a)3. Our present record is not sufficiently developed to determine whether Rhagnanan is facing life imprisonment on the present charge.

circumstances, the defendant shall be detained in custody pending the filing of the motion." *Id.* Here, the first appearance judge never made this inquiry nor was there a showing or finding of exigent circumstances prior to the judge denying bond at the very brief first appearance hearing.

Accordingly, because the procedures for pretrial detention were not followed, we grant the petition for writ of habeas corpus and remand to the trial court to set an expedited hearing to determine the issue of pretrial release or detention consistent with rules 3.131 and 3.132.

PETITION GRANTED; CAUSE REMANDED.

EVANDER, BERGER, and LAMBERT, JJ., concur.