IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GABRIEL ENRIQUE MAYORQUIN,

    Petitioner,

 v.

                                        Case No.  5D22-904
                                        LT Case No. 2022-CF-003792-A-O

STATE OF FLORIDA AND
LOUIS A. QUINONES, JR.,
CHIEF OF ORANGE COUNTY
CORRECTIONS DEPARTMENT,

    Respondents.

_____/

Opinion filed April 19, 2022

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Robert Wesley, Public Defender, and
Tyler Alexander Branz, Assistant Public
Defender, Orlando, for Petitioner.

Ashley Moody, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Respondent.


PER CURIAM.

Gabriel Mayorquin was arrested for attempted second-degree murder with a firearm. At first appearance the following day, the trial court appointed the Public Defender to represent Mayorquin, found probable cause to support the attempted murder charge, and ordered him held on that charge with no bond. Defense counsel objected, arguing that Mayorquin was entitled to bond on reasonable conditions because the charge was not punishable by life in prison. The trial court refused to set bond, and Mayorquin now petitions the court for a writ of habeas corpus. We grant the petition.

"Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions." Fla. R. Crim. P. 3.131(a); see Art. I, § 14, Fla. Const.; Barton v. State, 310 So. 3d 1120, 1121 (Fla. 5th DCA 2021); Rhagnanan v. State, 232 So. 3d 524, 525 (Fla. 5th DCA 2017); Thermidor v. State, 146 So. 3d 95, 97 (Fla. 5th DCA 2014); Hernandez v. Roth, 890 So. 2d 1173, 1174 (Fla. 3d DCA 2004); see also Thomas v. State, 208 So. 3d 326, 326–27 (Fla. 5th DCA 2017) ("If the State does not move for pretrial detention, or if its motion is facially insufficient, 'the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of [R]ule 3.131(b).'" (citations omitted)).

Mayorquin argues that he is entitled to pretrial release because he faces a charge that is not a capital offense punishable by life in prison and the State has not filed a motion for pretrial detention, as required by Florida Rule of Criminal Procedure 3.132(a). In conceding error, the State has requested that the petition be granted without prejudice to its ability to file a motion for pretrial detention. This request is well taken. See Barton, 310 So. 3d at 1121 n.1 (granting habeas petition "without prejudice to the State to file a motion for pretrial detention, "should it choose to do so" (citing Kendall v. State, 290 So. 3d 150, 150 (Fla. 5th DCA 2020); Rodriguez v. State, 269 So. 3d 639, 640 (Fla. 5th DCA 2019))).

We therefore grant the petition and direct the trial court to set an expedited hearing (within three business days from issuance of this opinion) to determine the issue of Mayorquin's pretrial release. We note that our decision is without prejudice to the State's ability to file a motion for pretrial detention, should it choose to do so. See Fla. R. Crim. P. 3.132(a).

PETITION GRANTED.

EISNAUGLE, HARRIS and SASSO, JJ., concur.