# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D24-722
LT Case No. 23-304047-CFDB

———————————————

JOANNE PERANO,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

———————————————

Petition for Habeas Corpus.
A Case of Original Jurisdiction.

Matthew J. Metz, Public Defender, and Megan E. Lopez,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Kaylee D.
Tatman, Assistant Attorney General, Daytona Beach, for
Respondent.

March 28, 2024

WALLIS, J.

    Petitioner petitions this court for a writ of habeas corpus,
arguing that she is being illegally detained without the benefit of
a bond on the charge of aggravated stalking after injunction, a
third-degree felony, following a bond hearing. The State has not

filed a motion seeking pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132.

Petitioner correctly argues, and the State correctly concedes, that the trial court erred by denying the motion to set bond.  *See Kendall v. State*, 290 So. 3d 150, 150 (Fla. 5th DCA 2020) (granting "the petition for writ of habeas corpus because, as the State candidly concede[d], 'the State did not seek pretrial detention' and Kendall [was] not charged with a capital felony or a felony punishable by life imprisonment"); *Rodriguez v. State*, 269 So. 3d 639, 640 (Fla. 5th DCA 2019) (granting the petition for writ of habeas corpus "[b]ecause the State did not seek pretrial detention and the new charges did not allege a capital or life felony"); *Thomas v. State*, 208 So. 3d 326, 326–27 (Fla. 5th DCA 2017) ("Here, none of the charged offenses are capital felonies or life felonies. Under these circumstances, if the State fails to move for pretrial detention, a trial court may not deny a defendant's motion for bond.").

Accordingly, we grant the petition, without prejudice to the State to file a Motion for Pretrial Detention pursuant to Rule 3.132, should it choose to do so.  We remand for an expedited hearing, which will either address a Rule 3.132 Motion, if filed by the State, or determine reasonable conditions of release pursuant to Florida Rule of Criminal Procedure 3.131.

PETITION GRANTED.


JAY and HARRIS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

2