# Third District Court of Appeal

## State of Florida

Opinion filed March 16, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2545
Lower Tribunal No. F25-25900
_____

**Calvin Williams,**
Petitioner,

vs.

**Sherea Green, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for petitioner.

James Uthmeier, Attorney General, and Haccord Curry, Assistant Attorney General, for respondent State of Florida.


Before SCALES, C.J., and EMAS and GORDO, JJ.

EMAS, J.

## INTRODUCTION

Calvin Williams petitions this court for a writ of habeas corpus, contending that the trial court, in granting the State's motion for pretrial detention, improperly considered the evidence presented at the hearing in a light most favorable to the State. We agree, and hold neither section 907.041(5)(d), Florida Statutes nor Florida Rule of Criminal Procedure 3.131 provides for such a view of the evidence presented to the trial court at an evidentiary hearing on a motion for pretrial detention. The trial court should have weighed the evidence, resolved factual disputes, and made any necessary credibility determinations, in the same manner it would weigh and analyze testimony and evidence presented at any evidentiary hearing in which the trial court sits as factfinder. We therefore grant the petition and remand for the trial court to conduct any further hearing as may be appropriate, and thereafter to determine the merits of the motion for pretrial detention without viewing the evidence in a light most favorable to the State.

## FACTUAL AND PROCEDURAL BACKGROUND

Williams was charged by Information with committing an aggravated battery with a deadly weapon, resulting in great bodily harm. The alleged use of a deadly weapon reclassified the charged offense from a second-degree felony to a first-degree felony.

One day after filing the Information, the State filed its motion for pretrial detention pursuant to section 907.041(5)(d), Florida Statutes (2025). The State asserted: a) Williams was charged with a first-degree felony; b) there is a substantial probability that Williams committed the charged offense; c) Williams meets one of the conditions for pretrial detention under section 907.041(5); and d) beyond a reasonable doubt, there is a need to hold Williams in pretrial detention.

The trial court conducted a hearing on the State's pretrial detention motion on December 5, 2025. Two witnesses testified at the pretrial detention hearing: Detective Gino Petruzzi and Williams' sister, Vivian Williams.[1]

Detective Petruzzi testified that the victim told him Williams stabbed her. The victim knew Williams because they resided on the same property and she identified him from a photo the detective showed her when she was in the hospital being treated for her injuries. The victim told police that Williams was fighting with a man she knew as "AD" and that she was watching when Williams went into his room and grabbed a firearm, which

---

[1] Vivian Williams' testimony was limited to the so-called "phase two" question of whether pretrial detention was necessary to protect the community from risk of physical harm, ensure the presence of the defendant at trial and assure the integrity of the judicial process. See §907.041(5)(d), Fla. Stat. (2025). Her testimony is not relevant to the issue raised in this petition.

was then taken by AD, after which Williams returned to his room, came back with a machete and a knife, and stabbed the victim with the knife.

The detective also testified that Williams turned himself into police and that while being transported, Williams "spontaneously stated that he stabbed the victim by mistake." Detective Petruzzi testified that, after he was given his Miranda rights and waived them, Williams told police that he was attacked by AD, that the victim was throwing rocks at Williams during this altercation and charged at him, which caused Williams to mistakenly stab her. Detective Petruzzi acknowledged that the versions of the incident provided by Williams and the victim were in conflict, and that he never attempted to locate AD. Detective Petruzzi's testimony was the only evidence presented by the State to show a substantial probability that Williams committed an aggravated battery with bodily harm and a deadly weapon.

The court then said:

Okay. So do I think that based on the way the evidence is stacked right now the defendant is most likely to succeed on [Stand Your Ground]. Yes, that is not the standard right now. **And the reason for that is I have to view the evidence right now [in] the light[] [most] favorable to the State.**

So, [in] the light most favorable to the State. I have a defendant who ran away and had he called the police that day or even maybe the next day he'd surrendered himself, I'd give a lot more weight to his statements that he was acting in self-defense and he was scared. But waiting two weeks it seems to me much more likely that he lived there.

4

So, he was out of the house and sooner or later if he came back to the house they were going to arrest him. [That's] my guess what was going on in his mind but I don't know that and I don't need to make that decision.

**But based on the fact that I have to view the evidence in the light most favorable to the State at this point then the state has presented enough to have for me to find that there was a substantial probability that he did not act on self-defense that he went into the house twice according to the testimony of the alleged victim, first to get a gun and then to get a knife**.

So, I am going to find that [the] State has met their burden under phase one. Now it's still the state's burden to justify [holding him] without bond.

(Emphasis added).

The trial court later reaffirmed its decision to grant pretrial detention based on its consideration of the evidence in a light most favorable to the State, which the court indicated it was bound to do under State v. Arthur, 390 So. 2d 717 (Fla. 1980).

This petition for writ of habeas corpus followed.

## STANDARD OF REVIEW

Generally, "[w]e review matters relating to the setting of bond and the conditions attached to a defendant's pre-trial release on bond under an abuse of discretion standard." Martinez v. Jones, 348 So. 3d 1234, 1236 (Fla. 3d DCA 2022). However, as this case presents a purely legal issue, we

5

apply a de novo standard of review. <u>Alcazar v. State</u>, 349 So. 3d 930, 932 (Fla. 3d DCA 2022).

## **ANALYSIS AND DISCUSSION**

The question presented in this case is straightforward: in determining whether the State has satisfied its burden in seeking pretrial detention by motion filed pursuant to a section 907.041(5)(d), is the trial court required to view the evidence presented in a light most favorable to the State? To answer this question, we turn first to <u>Arthur</u>, the case relied upon by the trial court for its conclusion that it was bound to consider the evidence in the light most favorable to the State.

In <u>Arthur</u>, 390 So. 2d at 717, the Florida Supreme Court answered two certified questions:

1. Does a trial court have discretion to grant bail to a defendant who is charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident and the presumption great?

2. Does the accused or the state, in a capital case or a case involving life imprisonment where the accused is seeking to be admitted to bail, have the burden of proof on the issue of whether the proof of guilt is evident and the presumption great?

In answering both questions in the affirmative, the court held:

1. That when a person accused of a capital offense or an offense punishable by life imprisonment seeks release on bail, it is

6

within the discretion of the court to grant or deny bail when the proof of guilt is evident or the presumption great.

2. That before the court can deny bail the state must have carried the burden of establishing that the proof of guilt is evident or the presumption great.

Id.

In describing the State's burden[2] of establishing that the proof of guilt is evident or the presumption of guilt is great, the Court said: "Simply to present the indictment or information is not sufficient.[3] The state's burden, in order to foreclose bail as a matter of right, is to present some further evidence which, ***viewed in the light most favorable to the state***,[4] would

---

[2] Prior to the Florida Supreme Court's decision in Arthur, it was generally understood that it was the defendant who bore the burden to prove entitlement to pretrial release, rather than the State bearing the burden of proving no entitlement. See, e.g., Larkin v. State, 51 So. 2d 185 (Fla. 1951); State ex rel. Ball v. Buchanan, 185 So. 2d 510 (Fla. 3d DCA 1966).

[3] Pre-Arthur, the law in Florida was that the mere presentment of a grand jury indictment was alone sufficient to deny pretrial release to one charged with a capital or life offense. See e.g., Rigdon v. State, 26 So. 711 (Fla. 1899).

[4] Nevertheless, and as the State conceded at oral argument, since the Court's decision in Arthur, no reported appellate decision in Florida has ever actually applied (much less required application of) the "light most favorable to the State" standard to evidence presented at an Arthur hearing. Indeed, the only cases directly addressing the issue have characterized this language in Arthur as mere dicta. See, e.g., Thourtman v. Junior, 275 So. 3d 726 (Fla. 3d DCA 2019); State v. Perry, 605 So. 2d 94 (Fla. 3d DCA 1992); Kirkland v. Fortune, 661 So. 2d 395 (Fla. 1st DCA 1995); Mininni v. Gillum, 477 So. 2d 1013 (Fla. 2d DCA 1985). Although this court has previously *cited* to the "light most favorable to the State" language in Arthur, see Martinez v. Jones, 348 So. 3d 1234, 1236 (Fla. 3d DCA 2022), the citation to this particular excerpt of Arthur was itself dicta because, in that

7

be legally sufficient to sustain a jury verdict of guilty." Id. at 720 (emphasis added).

However, and relevant to the instant case, Arthur was decided in the context of a denial of bond under Article I, Section 14 of the Florida Constitution, which authorizes a court to deny bond where the accused is charged with a capital or life offense and the proof of guilt is evident or the presumption of guilt is great. See Art. I, sec. 14, Fla. Const. ("Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions.").

_____

case, "[t]he State presented a bevy of evidence" which was "legally sufficient to sustain a jury verdict of guilty, " id. (quoting Arthur, 390 So. 2d at 720), and there was no analysis undertaken of the evidence in a "light most favorable to the State." Further, it is worth noting that, in cases predating Arthur, the Florida Supreme Court had long recognized that the State's burden in establishing "proof evident, presumption great" is an even higher burden than that of proof beyond a reasonable doubt. See State ex rel. Van Eeghen v. Williams, 87 So. 2d 45 (Fla. 1956); Russell v. State, 71 So. 27 (Fla. 1916). Requiring the trial court to view the evidence submitted in a "light most favorable to the State" would be inconsistent with, and would significantly dilute, the proof evident, presumption great standard for denying pretrial release to a defendant charged with a capital or life offense. See, e.g., Mininni, 477 So. 2d at 1015.

The instant case, by contrast, involves the State's motion for pretrial detention pursuant to section 907.041(5)(d), which is premised upon the second clause of Article I, section 14 of the Florida Constitution: "If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained."

There is nothing in the plain language of 907.041(5)(d), or its procedural counterpart, Florida Rule of Criminal Procedure 3.131, that requires the trial court to view the evidence at a pretrial detention hearing in a particular manner or in a light most favorable to one party or the other.

Before the trial court may grant pretrial detention, each provision requires that the State prove (and the trial court find) "a substantial probability that the defendant committed the offense." Neither the statute nor the rule (each of which was created after the decision in Arthur) provides for a "light most favorable to the State" assessment of the evidence, and we decline the invitation to add such language to the existing provisions of section 907.041(5)(d) and rule 3.131. "It is a basic principle of statutory construction that courts 'are not at liberty to add words to statutes that were not placed there by the Legislature.' " Walls v. Roadway, Inc., 388 So. 3d 89, 95 (Fla. 3d DCA 2023) (quoting Seagrave v. State, 802 So. 2d 281, 287 (Fla. 2001))

9

(additional quotation omitted). See also Overstreet v. State, 629 So. 2d 125, 126 (Fla. 1993) ("We decline to add words to a statute where, as in this case, the language is clear and unambiguous. 'It is a settled rule of statutory construction that unambiguous language is not subject to judicial construction, however wise it may seem to alter the plain language.'") (quoting State v. Jett, 626 So. 2d 691, 693 (Fla. 1993)).

In assessing whether the State has met its burden of proof under section 907.041(5)(d) and rule 3.131, the trial court should weigh the evidence, resolve factual disputes, and make any necessary credibility determinations, in the same manner it would view and analyze testimony and evidence presented at any evidentiary hearing in which the trial court sits as factfinder. See e.g., Garcia v. Junior, 325 So. 3d 220 (Fla. 3d DCA 2021).

## CONCLUSION

Because the trial court, in granting pretrial detention, expressly relied upon an erroneous premise that it was required to view the evidence in the light most favorable to the State, we grant the petition, issue the writ, and remand with directions to the trial court to conduct any further hearing as may be appropriate, and thereafter to determine the merits of the motion for pretrial detention without viewing the evidence in a light most favorable to the State.